## ROBINSON *v.* J. M. LANDRUM.

Defendant pleaded the general denial, and admitted that plaintiff had done work for him, but aver.
red that he had paid for the work in full. *Held:* that this averment did not waive the general
denial, and operate as a recognition of the whole debt.

APPEAL from the District Court of Caddo, *Land,* J.
*Crain & Nutt,* for plaintiff. *Williamson & Landrum,* for defendant
and appellant.

LEA, J. The plaintiff claims $959 52, with interest from judicial demand,
for services rendered and labor and materials furnished, in completing a dwel-
ling house for the defendant, as shown by a detailed account annexed to the
petition, for which amount he claims judgment with privilege upon the build-
ing. An exception having been taken to the indefinite character of the ac-
count, one more specific was furnished with the leave of the Court.

For answer to the plaintiff's claim, as thus set forth, the defendant pleaded a
general denial, admitting, however, that the plaintiff "had done work for him"
on the building, but that he had paid for the same in full, to-wit : the sum of
$310. The case was submitted to a jury, who gave a verdict in favor of the
plaintiff, for the sum of $959 52, subject to a credit of $310, with legal interest
from judicial demand ; and in accordance with the verdict a decree was rendered
in favor of the plaintiff for the sum of $649 52 with interest.

On the trial of the case, a bill of exceptions was taken to the charge of the
Court, instructing the jury, "that the plea of payment waived the general de-
nial and was an admission of the debt sued for and that the burthen of proof
was on the defendant to show the payment."

Under the circumstances we think the charge was calculated to mislead the
jury, and the evidence is not such as to satisfy us that in the absence of such a
charge, they would not have arrived at a different conclusion.

The doctrine that the plea of payment admits the debt, only affirms the gen-
eral principle that litigants should be consistent and truthful in their pleadings,
and cannot be allowed to assume positions which are contradictory.

An allegation that a debt has been paid, is certainly an admission that it
once existed, but an averment by a defendant that he has paid all that he ad-
mits to have been due, coupled with a denial of further indebtedness and speci-
fying at the same time the amount thus paid, though it may operate as an ad-
mission *pro tanto,* cannot be considered as a recognition of the whole of the
plaintiff's demand. The answer of the defendant is consistent with itself, and if
supported by the evidence would present a defense in every respect equitable.

We have been requested by the plaintiff's counsel, should the charge of the
District Judge be deemed erroneous, to adjudicate finally upon the merits of
the case. We would cheerfully do so if the judgment which should be rendered
did not, in our opinion, depend to a great extent upon the degree of credit to
which the testimony of the several witnesses would be respectively entitled,
with reference to which we have no means of arriving at any other than a
conjectural result.

It is ordered that the judgment appealed from be reversed, and the case re-
manded for further proceedings according to law, and that the appellee pay the
costs of this appeal.