## No. 2220

### Second Circuit Appeal

### GEORGE C. VAUGHAN & SONS, INC., v. L. V. BURNAMAN

(June 6, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Pleading—Par. 40, 45.**
Under the Code of Practice 327, payment and compensation are defense that must be specially pleaded.

2. **Louisiana Digest—Pleading—Par. 41.**
Where the defendant denies plaintiff's petition but admits that he owes plaintiff a small amount which he tenders, the answer cannot be considered a special plea of payment of compensation.

3. **Louisiana Digest—Pleading—Par. 41, 45, 113.**
Evidence of payment of compensation is inadmissable where the defendant has not made a special plea to that effect.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. J. A. Williams, Judge.

This is a suit on an open account for timber and other material. The answer filed by defendant is a denial coupled with an admission that the defendant owes plaintiff a small amount which he tenders. There was judgment for plaintiff and defendant appealed and plaintiff filed a motion to amend the judgment by disallowing a $20.00 additional credit.

Judgment amended and affirmed.

Provosty and West, of Alexandria, attorneys for plaintiff, appellee.

T. A. Carter, of Alexandria, attorney for defendant, appellant.

CARVER, J. Plaintiff sues for $396.79 on open account for lumber and other material alleged to have been furnished defendant for building a house on his plantation.

Plaintiff claims a materialman's lien on the house and one acre of ground on which it is situated.

The defense is a denial of each paragraph of plaintiff petition coupled with an admission that defendant owes plaintiff $1.49, which he tenders. He does not say how he comes to owe this.

Annexed to the plaintiff's petition is an itemized account of the lumber and other articles alleged to have been furnished running from September 7th to October 12th, 1920, and aggregating $696.79, but credited with $300.00 paid in December, 1920, thus leaving a balance of $396.79.

The itemized account and a sworn statement of its corrections had been recorded in the mortgage book of Rapides parish on April 25, 1921, and on the same day a copy was sent to defendant by registered mail (Scott, page 55).

On the day of trial plaintiff entered a remittitur acknowledging further credits aggregating $207.50, one of these credits being for 100 barrels of corn at 60 cents a barrel. Deducting these credits, plaintiff's claim was reduced to $189.29.

The District Judge gave judgment for this amount, less $20.00 additional credit for 20 cents per barrel on the 100 barrels of corn. He also recognized plaintiff's lien on the house and acre of ground.

Defendant appealed, and plaintiff filed a motion to amend the judgment by disallowing the $20.00 additional credit.

As a witness, defendant admitted getting all the material charged, except a bill of $39.90 of October 5, 1920, which he says he did not get.

Plaintiff objected to this testimony of defendant denying that he got the $39.90 bill, on the ground that it was an effort to prove compensation, which he had not plead. But the District Judge properly overruled the objection. It was not proof of compensation but testimony to support his denial of the fact that he had received the materials covered by the bill.

This bill is made out to Alexandria Cotton Oil Company but contains a notation as follows:

"Error chg S–B L B. Burnaman."

The bill is approved by Mayeux, who was defendant's carpenter, who signed other slip approvals and who defendant admits (page 41) signed them with his implied consent.

Glaze, manager of plaintiff company, explains (page 64) that the making out of this bill in the name of the Alexandria Cotton Oil Company was an error which was corrected as soon as discovered and that it should have been made to Burnaman.

Defendant says he did not get this bill, but it is evident he mistook what the bill was for and thought it was for heavy stuff. He says (page 33):

"I got the lumber from Vaughan Lumber Company to finish the house that I had started, bought siding, front and finishing, such as one by ten (1 x 10) door casing, window casing, and such as that. I didn't buy any frame stuff or heavy stuff at all. I got all except the lumber on ticket dated Ocotber 5th, 1920, marked plaintiff's Exhibit '11'."

The bill of October 5, 1920, though, is not for heavy stuff. The items are as follows:

| | | |
|---|---|---|
| 7 window, 10 x 14, 12 lights, | $ 4.80, | 33.60 |
| 4 2 x 4–12 No. 1 Sisle   32 | 40.00, | 1.28 |
| 1 1 x 10-14 No. 1. S & S 12 | 50.00 | .60 |
| 200 ft. screen mldg..... | | 2.40 |
| 168 1-4 round.............. | | 2.02 |
| Total | | $39.90 |

None of this is heavy stuff, unless the 2x4 may be so called.

The testimony of Glaze, manager for plaintiff, is to the effect that all the lumber charged for, including this bill for $39.90, was sold and delivered to defendant.

The District Judge regarded this item as proven and so do we.

The main dispute is over the credits allowed by plaintiff, the defendant claiming that four tons of hay credited at $15 per ton should have been at $30 per ton and that the 100 barrels of corn credited at $60 should have been 110 barrels at $1 per barrel.

Most testimony was taken pro and con as to these matters, all of which was objected to by plaintiff on the ground that they were efforts to prove payment or compensation whoch could not be done because payment or compensation was not plead. We think this objection should have been sustained. It is well settled that payment and compensation are defenses that must be specially plead.

Code of Practice, 327.

6 Louisiana Digest, pages 21 and 25, verbo Pleading, paragraphs 40 and 45.

The fact that the effort was not to prove additional articles delivered to plaintiff but only bigger prices than those allowed by plaintiff does not change the fact that at last the effort was to show payment or compensation.

If a credit of a certain amount be allowed which the debtor claims should be a larger amount, the claim is in effect a claim of additional payment which as well as any other claim of payment has to be specially plead.

In the brief of defendant's counsel he states:

"I desire now to direct your attention to one of the bills that the Vaughan Lumber Company now has a judgment against the defendant for, and submit it to you for your consideration. The particular bill that I wish to direct your attention to does not seem to be in the record but you will find reference to it in the record.

"You will find from the testimony, however, that the dray receipt for forty some odd dollars, made out to Burnaman. Error, 'while the slip is not in the record the admission and testimony is in the record and yet the plaintiff has a judgment against the defendant covering that amount."

We have checked over the slips filed in evidence and none of them are missing. They are marked, respectively, 2 to 11 corresponding, item by item, with the statement marked exhibit 12.

We think counsel must have reference to the bill of $39.90 above referred to, which bill is not absent from the record nor is the notation on it what counsel understands it to be but the very reverse of that. He seems to understand that it was a bill made out to Burnaman but intended for some one else. Whereas it was made out to the Alexandria Cotton Oil Company when it should have been made out to Burnaman.

In counsel's brief in another place he asks that we credit Burnaman "for the forty-six ($46.00) dollars worth of lumber returned to George C. Vaughan & Sons, Inc." We find no testimony in the record respecting any return of lumber unless it be that Sol Weil, an account whom defendant got to audit the account, who testified, page 50:

"Q. Did Burnaman make claim for thirty-nine dollars and ninety cents ($39.90) for lumber returned?
"A. Yes, sir."

On the report made by Weil there is only one item of $39.90 complained about which is the bill of October 5 above mentioned ;no claim being made thereon for lumber returned. Defendant himself does not testify that any lumber was returned. We are satisfied that Weil's testimony related to the bill of October 5th.

In counsel's brief he also complains about dray receipt or bill number covering 971 feet of lumber on the back of which is a complaint signed by Burnaman to the effect that the lumber covered by the bill had been sold him at $55.00 per 1000 and was incorrectly charged $85.00. He concludes his complaint by saying: "Change your bills and send them back and I will sign them."

The bill, however, does not show to be $85.00 per 1000 but $65.00, which $65.00 is written over something that was erased. The amount of the bill, too, $63.10, shows to be something written over previous figures. The slip bears the signature of Burnaman. It is perfectly evident that although the bill was at first rendered at some erroneous price and amount, yet on plaintiff's attention being called to it, it was corrected, not to the $55.00 which Burnaman claimed but to $65.00 per 1000; which correction was evidently satisfactory to Burnaman, because he then signed the bill which evidently he had not previously done.

Defendant's counsel argues against the general correctness of plaintiff's claim by commenting on the fact that it sued for $396.79 and, on the day of trial, entered a remittitur reducing the claim to $189.29. This is satisfactorily explained, though, by plaintiff's manager, Glaze, who testifies that the account was $396.79 at the time of filing the lien and that the attorney who drew up the suit brought it for that amount, not knowing of the payments made between the time the lien was filed and the time the suit was brought. Plaintiff, though, before the beginning of the trial entered a remittitur for all payments made in the meantime. We find nothing suspicious about all this.

This disposes of all the matters about which defendant's counsel complains, except a letter from plaintiff showing that its claim was $336.79, which he says is a different amount from that sued for.

Defendant's counsel is in error in thinking that this letter was written just prior to the filing of the suit. The suit was filed in January, 1923, and the letter was written November 18, 1921. At the time it was written, the account was what the letter claimed, namely, $336.79, as follows:

| | | |
|---|---|---|
| Total merchandise | | $690.79 |
| Paid, in December, 1920, | $300.00 | |
| Paid, in May and June, 1921, | $60.00 | 360.00 |
| Leaving | | $336.79 |

The statement marked "Defendant 6" shows this $60.00 payment (four tons of hay) was in May and June, 1920; but the receipt for two tons of hay is in evidence and is dated June, 1921, instead of 1920. We construe the evidence of Davis to mean that the other two tons were in May, 1921, instead of 1920.

The District Judge evidently took the plaintiff's version as to the quantity of corn, namely, 100 barrels, but split the difference between plaintiff and defendant as to the price. Plaintiff allowed 60 cents a barrel and defendant claimed one dollar As stated above, though, we think the evidence as to payments, other than those admitted by plaintiff, was inadmissible, wherefore we think it was error to allow the additional credit of $20.00 for the corn.

For these reasons, it is decreed that the judgment of the lower court be amended by striking out the credit of $20.00 allowed therein and that as thus amended it be affirmed.