No. 2827

Second Circuit

---

**LINDSEY MERCANTILE CO., INC., v. LINDSEY**

---

(December 11, 1926. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Bills and Notes— Par. 216, 222.**

The presumption is that a promissory note found in the possession of the maker after maturity has been paid.

2. Louisiana Digest—Bills and Notes— Par. 216, 222.

The burden of proof is on the payee to prove that a promissory note found in the possession of the maker after maturity has not been paid.

Appeal from the Third Judicial District Court of Louisiana, parish of Union. Hon. S. D. Pearce, Judge.

Action by Lindsey Mercantile Co., Inc., against T. P. Lindsey.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

S. L. Digby, of Farmerville, attorney for plaintiff, appellant.

H. G. Fields, of Farmerville, attorney for defendant, appellee.

ODOM, J.    Plaintiff alleges that on January 20, 1923, defendant made and signed a promissory note made payable to it, due October 1, 1923, and that in some way unknown to it defendant obtained possession of the original note, and it attached to its petition what is alleged to be a copy of the note; and it further alleged that if the original note was delivered to the defendant by it, it was delivered through error, and that the note was never paid and the amount thereof is now owing and due.

Defendant answered admitting that he signed the note described, but alleged that he paid the note in the fall of 1923, about the time it fell due, to Mr. Newton, bookkeeper for the plaintiff company, and that the note was then delivered to him by Newton.

There was judgment in the district court rejecting plaintiff's demand and it has appealed.

OPINION.

On the day of the trial the defendant was in possession of the original note and produced it. He swore positively that he paid the note in the fall of 1923, about the time it fell due, and that the note was thereupon delivered to him by Mr. Newton, bookkeeper of the plaintiff company, to whom the payment was made.

The note is not marked paid, but when produced in court the signature was torn off.

There is testimony in the record that it was customary for farmers to tear their names off the notes when they were paid and delivered.

Defendant testified that he paid the note with cash, the proceeds of the sale of cotton which he produced in the year 1923. His testimony that he possessed the cash with which to make the payment is corroborated by that of his father-in-law, W. H. Kelley.

Defendant's father-in-law, W. H. Kelley, and his brother-in-law, Tom Kelley, both testified that in the fall of 1923, the defendant exhibited to them the original note and said he had paid it.

Mr. Newton swore that the note was not paid to him and that he did not deliver it to defendant. He says the note was in plaintiff's file in January, 1924, and was not missed from the file until January, 1925.

His testimony that the note was in plaintiff's possession in January, 1924, is contradicted by that of the defendant, who says he paid it and got possession of it in the fall of 1923, and by that of W. H. Kelley and Tom Kelley, both of whom say that they saw it in defendant's possession in the fall of 1923.

Where a promissory note is found in the maker's possession after maturity, the presumption is that it has been paid.

30 Cyc. 1268.

And when the payee of the note contends that such note was not paid, and that it got into the possession of the maker through fraud, the burden is upon him to show that fact.

The plaintiff has failed utterly to discharge that burden in this case.

It alleges in its petition that it is unable to account for defendant's possession of the note. Mr. Newton, the bookkeeper, says it was plaintiff's custom on making demand for payment of notes due it to write letters to the debtor making demand and to attach the original of the note to the copy of the letter, send the original of the letter to the debtor and place the copy and the note attached thereto in its file; that it had in its employ an inexperienced stenographer who, he thinks, probably sent the copy of the letter in this case and the note to the defendant by mistake.

That explanation is wholly unsatisfactory and cannot be accepted. That testimony is not sufficient to overthrow the presumption of payment which followed the possession of the note by the maker after maturity, and is certainly not sufficient to overthrow the positive testimony of the other witnesses.

The judgment of the lower court, rejecting plaintiff's demand, is correct and is accordingly affirmed.