WILLIAMS v. N. TRADO & CO. ET AL.

———

(November 17, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Refused.)

———

Theo. Cotonio and Theo. Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellant.

H. W. Kaiser, Thomas Tomeny and John H. Hammel, Jr., of New Orleans, attorneys for defendants, appellees.

JANVIER, J. Defendants are residents of New Orleans engaged in the business of buying and selling melons and other country produce at wholesale. Plaintiff claims that during the summer of 1924, at the request of defendants, he undertook to locate and purchase for them large quantities of watermelons in carload lots, and that in addition to the purchase price, it was agreed that he was to be paid $10 for each carload purchased. He avers that he shipped to defendants twenty-two carloads of melons, all of which were received, but that he has never been paid his commission, amounting to $220, and that the purchase price of seven of the carloads have not been paid. For the seven carloads he claims $1,305 which, when added to $220 commission claimed, makes the total amount in dispute $1,525.

The record before us is very confusingly arranged and contains two supplemental petitions and two answers. In the first answer filed, which is in answer to the second supplemental petition, we find a categorical denial of each material allegation of that supplemental petition.

In the second answer filed, which is in answer to the original petition, there appears, after a categorical denial of the material allegations, the following affirmative averment:

"That a complete settlement was had by and between plaintiff and defendants of any and all indebtedness of defendants to petitioner, and that your respondents have paid petitioner in full for any and all claims that he has or may have against your respondent."

After a trial on the merits, judgment was rendered in favor of defendants, and in that judgment appears the following:

"It is ordered, adjudged and decreed that the plea of payment herein filed by defendants be maintained."

A reading of the evidence submitted on behalf of defendants shows that it was not their purpose to plead payment in the sense that they intended thereby to admit the purchase of the melons, and to set up the special defense that the purchase price thereof and the commission claimed had been paid. As a matter of fact, they deny that they purchased the melons and state that, on the contrary, Williams made the shipments to them on consignment in the hope that they could sell them for him at a profit. They further testify that fifteen or sixteen of the carloads were sold at a profit, the balance at a loss, and that they have remitted in full for the whole transaction.

The district judge was of the opinion that this defense had been sustained by a preponderance of the evidence, and we believe that he was not in error in reaching this conclusion.

But the most serious controversy was over defendants' right to offer proof in substantiation of this defense, in view of the denials and averments in the answers, it being contended that a general denial is inconsistent with a plea of payment and that where both defenses are made the plea of payment must prevail. See McMicken v. Brent, 6 Mart. (N. S.) 249.

Defendants' counsel counter with the suggestion that evidence admitted without objection may enlarge the pleadings, and that such has taken place here because the objections of plaintiff's counsel to the evidence in regard to the consignment defense came too late.

We do not believe that that objection was unduly delayed. The record shows that as soon as it was apparent that an attempt was being made to prove that the shipments were sent on consignment and were not outright sales, objections were made and reiterated. Surely it is not necessary that an objection be made at the very instant an objectionable question is asked a witness. It is sufficient if it be made when the purport of the question or the line of questioning becomes apparent.

But we cannot subscribe to the view that the evidence tending to show that the shipments were made on consignment was objectionable as being inconsistent with the answer. True, if we could construe the answer as a plea of payment, then the defense tendered by the evidence would have been inadmissible. Although characterized by the district judge as a defense of payment, we do not believe the plea in the answer should be so construed.

The situation is very similar to that which confronted the Supreme Court of Louisiana in Robinson v. Landrum, 10 La. Ann. 539, in which "the defendant pleaded a general denial, admitting, however, that the plaintiff 'had done work for him' on the building, but that he had paid for the same in full, to-wit: the sum of $310."

According to the syllabus the court held:

"That this averment did not waive the general denial, and operate as a recognition of the whole debt."

In the body of the opinion the court said:

"The doctrine that the plea of payment admits the debt, only affirms the general principle that litigants should be consistent and truthful in their pleadings, and cannot be allowed to assume positions which are contradictory.

"An allegation that a debt has been paid, is certainly an admission that it once existed, but an averment by a defendant that he has paid all that he admits to have been due, coupled with a denial of further indebtedness and specifying at the same time the amount thus paid, though it may operate as an admission pro tanto, cannot be considered as a recognition of the whole of the plaintiff's demand. The answer of the defendant is consistent with itself, and if supported by the evidence would present a defense in every respect equitable."

Similarly here, an allegation that a full settlement has been had does not necessarily mean that all that is claimed is, by that settlement, admitted to be due. The answers here, read together and as a whole, do not constitute an admission of indebtedness, but do constitute a denial that defendants agreed to purchase the melons and a denial that they agreed to pay the commission claimed. The evidence tendered supported these denials and was properly admitted.

The judgment appealed from is therefore affirmed, at the cost of appellant.

HIGGINS, J., takes no part.