## No. 889

## First Circuit

## LAURENT v. BETHANY

(December 8, 1931. Opinion and Decree.)

J. Oliver Bouanchaud, of Baton Rouge, attorney for plaintiff, appellee.

Moise Thibodeaux, of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J. Clay T. Laurent claims of John Bethany $120 on account of hire of service as a baker at the rate of $30 per week.

Bethany denies owing the plaintiff. He alleges that he employed plaintiff as a baker at a salary of $30 per week, with the agreement that the profit of the bakery would be equally divided between them; that he has paid the plaintiff for all the time he was in the bakery in the work of his employment.

From a judgment in favor of the plaintiff as prayed for, defendant has appealed.

The plaintiff and the defendant are the only witnesses, and they disagree as to the question of payment.

The plaintiff admits receiving weekly payments as a baker at $30 per week for several weeks. He imputes the last four payments to the four weeks commencing March 28, 1930, the day on which he first commenced work for defendant. The plaintiff did not work as a baker the first four weeks, but he worked, procuring and equipping a building that could be used as a bakery, and obtaining and erecting therein machinery necessary for the purpose of the business.

The evidence shows that plaintiff has been paid all that is due him while he was employed as a baker; the amount which he claims is for work done before he commenced to bake and operate the bakery.

Defendant testifies that he has paid the plaintiff all that he owes him.

The evidence shows that defendant paid plaintiff for three days' work at the rate of $5 a day for services rendered prior to the time plaintiff commenced work as a baker. This fact is testified to by the defendant, and he produced two checks, one for $10 and the other for $5, which he says went to pay plaintiff for the three days' work, but claims that these three days was all the time that plaintiff is entitled to be paid for.

The evidence shows that it required about four weeks in which to get ready to operate the bakery, and during all of that time plaintiff was employed in the work of getting ready. And, according to plaintiff, defendant owes him for his time thus employed in defendant's behalf, at the rate of $5 per day. The amount paid to the plaintiff for the three days before he commenced to operate the bakery supports plaintiff's contention that he was to get $5 per day. The burden of proof is upon the defendant to show payment.

We are not satisfied that the court erred in awarding plaintiff the amount claimed, except to the extent of $15 which the defendant testifies that he has paid on said account, and supports his testimony by checks. The plaintiff does not, in his testimony, directly deny getting this amount as wages during the time he claims he was not paid. It is our conclusion that defendant is entitled to credit for the $15, but in all other respects the judgment is correct and must be affirmed.

For these reasons, the judgment appealed from is reduced to $105, and, as thus amended, is affirmed; plaintiff and appellee to pay the cost of appeal; the cost of the lower court to be paid by defendant and appellant.