## THOMPSON v. MICHELLI (two cases).
### No. 1067.

Court of Appeal of Louisiana. First Circuit.
Dec. 6, 1932.

Jos. A. Loret and R. F. Walker, both of Baton Rouge, for appellant.

Shelby Taylor, of Baton Rouge, for appellees.

MOUTON, J.

These two suits are grounded on separate demands against defendant, and were consolidated for trial.

The district judge rendered judgment in favor of T. U. Thompson for $350.75 for the amount claimed by him; and for $208.50 in favor of H. B. Thompson, Jr., amount of his demand. Defendant appeals.

It is alleged by the two plaintiffs, and it is shown, that defendant Michelli entered into a contract with H. B. Thompson, Sr., father of the plaintiffs, to erect a building for defendant on a lot of ground in the city of Baton Rouge. That two plaintiffs, their father, and V. L. Thompson, a brother of plaintiffs, worked as bricklayers, carpenters, and painters in the erection of the building. V. L. Thompson is not suing in this case, nor is H. B. Thompson, Sr.

The two plaintiffs are suing for work done by them on the building as bricklayers, carpenters, and painters. They are suing on a quantum meruit, and it is obvious that the burden of proof rested upon them to show the services rendered and their value. Dalgarn v. New Orleans Land Co., 162 La. 891, 111 So. 271.

We do not understand that counsel for plaintiffs disputes this proposition of law. The issue presented is one purely of fact.

It is shown by T. U. Thompson and other witnesses that a good bricklayer can lay from 1,000 to 1,400 bricks per day on the accepted basis of 8-hour work.

V. L. Thompson is a first class bricklayer, as appears from the evidence. He testifies as a witness for plaintiffs that he did most of the bricklaying on that building; stayed on the job "until the brick work" was completed; and that his two brothers, plaintiffs, helped him a little, likewise his father, H. B. Thompson, Sr. He admitted that, in his suit against defendant, he testified that he had worked 234½ hours in laying bricks in that building. It is clearly established by the evidence that he laid more than 1,000 bricks in every 8 hours that he worked thereon.

In those 234½ hours, the near equivalent of thirty 8-hour days, it is evident that he laid not less than 30,000 bricks as the principal bricklayer on the job. H. B. Thompson, Sr., estimated that between thirty-five and forty thousand bricks had gone into the building. Defendant, who paid for the bricks, said that 34,000 bricks had gone into it.

We will accept the maximum of the estimate made by H. B. Thompson, Sr., and will fix the number of bricks used at 40,000. As not less than 30,000 were laid by V. L. Thompson, not a claimant herein, T. U. Thompson and H. B. Thompson, Jr., plaintiffs, could not together have laid more than 10,000 bricks in the building.

The proof is that H. B. Thompson, Jr., was a boy of 18 years, had little experience as a bricklayer, and it is almost impossible, under the evidence given by V. L. Thompson, to fix, with any degree of accuracy, the number of bricks in the building which were laid by H. B. Thompson, Jr. The fact is that his work consisted principally in carpentering and some painting for which he is also asking payment.

His brother, T. U. Thompson, was a good bricklayer, and to whom must go the credit

of laying the 10,000 bricks, which, with those used by V. L. Thompson in the building, make up the 40,000 bricks that went into its construction.

T. U. Thompson is asking, for his services as a bricklayer, $1.50 per hour. This building was erected after the financial depression had started, and at that time the wages of bricklayers and other workmen had fallen in prices. We think, under the evidence, that T. U. Thompson is entitled to a wage of $1 per hour as a bricklayer. It must have taken him not more than 10 days to lay the 10,000 bricks, as it appears that he could lay 1,000 bricks per day of 8 hours, the basis upon which he was working. He is therefore entitled to $80 for his services as a bricklayer. He is also asking for payment for his services as carpenter, for which he is claiming 75 cents per hour, making a total on that basis of calculation, for the hours he performed, of $192.75. This price seems also to have preceded the depression.

Schiro, a building contractor, testifies that carpenters were being paid, at the time the building was erected, between 35 and 55 cents per hour.

Bendola, who worked as a carpenter, placed the prevailing wages of carpenters at that time at 25 cents per hour. We feel entirely justified by the evidence in fixing the wages of T. U. Thompson at 50 cents per hour instead of 75 cents, which he is claiming.

At 50 cents per hour, his claim must be reduced by one-third, placing it at a total of $133.50 for his wages as a carpenter, which, added to $80 for his services as a bricklayer, entitles him to a total of $213.50. The evidence justifies that allowance.

H. B. Thompson, the other plaintiff, besides his claim for bricklaying which we denied for the reasons hereinabove given, is also asking for judgment for his services as a common laborer in the sum of $4, and as a carpenter $97, a total for those services of $101.

As carpenter, he is demanding 50 cents per hour for his service, and $4 for 16 hours as a common laborer. The evidence supports his claim, and we do not find any reason why we should allow him less for his services as a carpenter than we are granting to T. U. Thompson or to disallow the $4 he is claiming for common labor. The amount of $101 will be decreed in his favor instead of $208.50 allowed below; and to T. U. Thompson $213.50 instead of $350.75 granted to him.

The judgment appealed from will be accordingly amended and affirmed.

A judgment will be entered herein in favor of T. U. Thompson; and a separate decree in favor of H. B. Thompson, Jr., in the respective amounts above stated.

It is therefore ordered, adjudged, and decreed that the judgment rendered below in favor of Thomas U. Thompson for $350.75 be and is hereby amended by reducing it to the sum of $213.50, and, as thus amended, the judgment be affirmed; appellee to pay the cost of appeal, those of the lower court to be paid by defendant.