**MOTOR FINANCE CO., Inc., v. UNIVERSAL MOTORS, Inc. (DOVER, Intervener).***

**No. 1604.**

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

S. I. Foster, of Leesville, for appellant.

Woosley & Cavanaugh, of Leesville, for appellee.

LE BLANC, Judge.

The plaintiff, Motors Finance Co., Inc., a Louisiana corporation domiciled in the city of Shreveport, parish of Caddo, alleges that on three different dates in the month of June, 1935, it loaned and advanced to Universal Motors, Inc., also a Louisiana corporation, domiciled at Leesville in Vernon parish, various sums of money aggregating the sum of $1,594.67. The first of these loans, made on June 3, 1935, was in the sum of $531.42, to represent which, Universal Motors, Inc., executed its promissory note payable three months after date, secured by a first lien, pledge, and mort-

gage on a certain Ford sedan automobile, Model V-8, bearing motor No. 1849045. The second loan made on June 11, 1935, was in the sum of $474.80 to represent which, Universal Motors, Inc., likewise executed its promissory note, secured in the same manner, by lien, pledge and mortgage on a new Ford standard coupé, Model V-8 bearing motor No. 1929929. The third loan, made June 28, 1935, was in the sum of $588.35 and was also represented by note of the Universal Motors, Inc., secured in the same manner by lien, pledge, and mortgage on a Ford four-door sedan, Model V-8, bearing motor No. 1974137.

Plaintiff sets out in its petition, valid reasons why it has declared each of the said notes due and exigible before their respective maturities, and further alleging that each of the acts of mortgage with which they are identified is in authentic form and imports a confession of judgment, it asked for and obtained an order of executory process under which the three therein described automobiles were seized.

Joe Dover, a resident of Many, in the parish of Sabine, La., doing business under the trade name of Many Finance Company, intervened in the proceeding, and, claiming that he held two notes of the Universal Motors, Inc., one for the sum of $2,385.21, secured by chattel mortgage on the automobile bearing motor No. 1849045, and another for the sum of $2,352.65, secured by a chattel mortgage on the automobile bearing motor No. 1974137, which mortgages he alleged primed those of the seizing creditor on those two cars by reason of prior filing and recordation, asked that they be appraised and sold separately by the sheriff, and the proceeds thereof held by him pending final determination of the issue of rank of privilege presented by him. He prayed that in due course, after trial, there be judgment declaring his chattel mortgage to be superior in rank to that of the plaintiff on those two automobiles, and that the sheriff be ordered to pay him the proceeds from the sale thereof by preference and priority over the claim of the plaintiff.

To this petition of intervention the plaintiff filed an answer in which it denied generally all allegations relating to the notes and chattel mortgages claimed to be held by the intervener, and further pleaded that the notes therein declared on had been fully paid and discharged. It reserved the right to amplify in a supplemental answer its said plea, which it stated was one of payment and novation. A few days later it did file a supplemental and amended answer setting forth the manner in which it claimed a payment and settlement had been made and the notes themselves had been surrendered to the maker, Universal Motors, Inc. It further alleged that the return of the notes to the intervener was without consideration.

On the issues as thus made, the matter went to trial, resulting in a judgment in favor of the intervener. The judgment recognizes his mortgage claim as being superior in rank to that of the plaintiff, and orders the sheriff to pay over to him the sum of $1,250, the proceeds of sale of the two cars which had been appraised and sold separately under the order of court. The plaintiff has appealed.

■ In brief and in argument before this court, counsel for plaintiff has devoted much time to an attack on the chattel mortgages declared on by the intervener, which is not warranted under the pleadings in the case. In its answer to the intervention, plaintiff did not set out any ground or reason whatsoever on which it claimed that those mortgages were invalid. It merely made a general denial of those allegations in which intervener had set out the notes he claimed to hold, the chattel mortgages securing the same and their ranks in privileges bearing against the property seized. Clearly such a general denial was not sufficient to support the attack that is now made on the mortgages for their failure to contain some of the specific requirements of the chattel mortgage law of this state.

■ With regard to the intervener's claim of a superior rank of each of its mortgages over those of the plaintiff, which was a matter that was put at issue by denial on the part of the latter, suffice it to say that the testimony is clear and positive that in each instance, the intervener's mortgage bears a filing number ahead of the plaintiff's, indicating that it was filed first and enjoys the prior ranking privilege under the terms of Act No. 215 of 1910. We find that counsel for plaintiff does not seriously dispute this point.

The important issue in the case arises out of the plea of payment or novation. On this point the decision in the lower court seems to have turned against plaintiff on the alleged insufficiency of the plea.

Counsel complains, and the record seems to bear him out, that under the ruling of the court he was debarred from introducing all the testimony he had at hand to support the plea.

■ It is undoubtedly correct that any plea tending to show the extinguishment or novation of a debt must be set out with particularity and in the same manner as must a plaintiff in setting forth his cause of action in his petition. It becomes necessary, therefore, to consider the form of the plea as made in this case.

■ As presented in the original answer of the plaintiff to the petition of intervention, the plea of course amounted to nothing more than a mere conclusion of law, as all that was there alleged was that it would be shown "that both the notes sued on in this case have been fully paid and discharged." However, as stated before, the pleader added in that same paragraph that it desired "the privilege and right to make supplemental and amended answer setting out the facts touching upon said payment and novation of the debt, if any ever existed." This, in our opinion, amounted to a reservation to present the plea in proper form after the necessary facts to do so would have been gathered, and, accordingly, twelve days later, a supplemental and amended answer was filed and therein is found the following averment: "That both the notes sued upon by the Many Finance Co., in this matter were fully paid, and surrendered by Joe Dover to the Universal Motors Co.—Louis Bennett, Secty-Treas. on or about August 1st., 1935. That on or about August 1st., 1935, at the office of the Many Finance Co., in Many, La., the Universal Motors Co., Inc., made a settlement with the Many Finance Co., gave a new note for $313.58 to take up the balance due, and in that settlement the two notes sued upon by the Many Finance Co., were surrendered and delivered to Universal Motors, Inc." Then follows an allegation to the effect that on or about August 15, 1935, after it had developed at a meeting of its creditors, that the Universal Motors, Inc., was insolvent, Joe Dover, who was the Many Finance Company, "approached Louis Bennett, Secty-Treas., of the Universal Motors, Inc., and persuaded him to return the notes to him," which return and delivery were without consideration.

■ It is our opinion that the allegations made in the supplemental and amended answer were amply sufficient to support a plea of payment and to permit the introduction of evidence thereunder.

The purpose of the law in requiring a plea of this nature to be set out with particularity is to acquaint the party against whom it is urged with the substantial facts that are to be presented in order to support it, so that he may be afforded the opportunity to prepare himself to properly rebut them if he can. In the form in which the plea is presented in the supplemental answer in this case, we believe that this purpose of the law has been fully served. In effect it is alleged that the parties met on or about a certain named date, at a specified place, and then and there adjusted their accounts, which left the debtor owing a balance of $313.58, which was taken care of by the giving of a new note for that amount, whereupon the original notes were duly surrendered to the maker. The plea, in our opinion, could hardly be stated in clearer terms. The original notes having again been found in the hands of the original creditor, a further allegation stating the circumstances under which this happened is then made, which on its face shows that they were delivered without consideration. If the plaintiff has testimony with which to support those allegations, surely it should have been afforded the opportunity of offering it. It succeeded in adducing a part of it, but was cut off by an unfavorable ruling from presenting all that it claims to have. That ruling was erroneous. What testimony is in the record, we do not find sufficient to pass definitely on the plea, and we have concluded that it is to the interest of all parties concerned to remand the case so that further testimony may be taken.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled, set aside, and reversed, and it is now ordered that this case be remanded to the district court for the purpose of permitting the plaintiff, defendant in the intervention herein, to make further proof in support of its plea of payment, with the right granted to the intervener to rebut whatever proof may be so adduced.

All costs to abide the final judgment to be hereafter rendered.