**MOTOR FINANCE CO., Inc., v. UNIVERSAL MOTORS, Inc. (DOVER, Intervener).**

**No. 1859.**

Court of Appeal of Louisiana. First Circuit.

June 14, 1938.

144

Woosley & Cavanaugh, of Leesville, for appellant.

S. I. Foster, of Leesville, for appellee.

OTT, Judge.

This is the second time this case has been before us. On the previous hearing, the case was remanded for the purpose of permitting the plaintiff to introduce evidence to show the payment and discharge of two chattel mortgage notes on which the intervener is claiming a preference and priority on the proceeds of the sale of two automobiles seized and sold by the sheriff under executory proceedings instituted by plaintiff to enforce a chattel mortgage held by it on these two cars. See 168 So. 721.

Further evidence was introduced on the remand of the case, and the trial judge sustained the plea of payment urged by plaintiff against the chattel mortgage notes of the intervener by which notes and chattel mortgage intervener sought a preference on the proceeds of the two cars. The two cars were sold by the sheriff for $1,250, and the judgment ordered that this amount be paid over to plaintiff to apply on its mortgages on the cars. The intervener has appealed.

A full statement of the facts and issues in the case was given in our previous opinion, and we deem it unnecessary to repeat all that was there stated. However, in order to properly discuss the further proceedings had in the case, it is necessary to give a brief summary of the issues presented.

The intervener claims a preference on one of the cars by reason of a chattel mortgage executed in his favor by the defendant, the Universal Motors, Inc., on June 8, 1935, to secure a note of the same date for $2,385.21, and he claims a preference on the other car by reason of another chattel mortgage executed by the motor company in his favor to secure a note for $2,352.65, dated June 29, 1935. There is no question but that these two chattel mortgages cover the two cars in question, and that they prime the chattel mortgages held by the plaintiff and on which it is foreclosing, unless the two notes held by the intervener have been paid and discharged and the chattel mortgages securing same thereby released. Other automobiles were included in these two chattel mortgages to the intervener from the motor company, but they are

not involved in this suit. It is also undisputed that plaintiff has a prior lien and privilege on the proceeds of the two cars, if the notes and chattel mortgages of the intervener were paid and satisfied. Therefore, there are only two questions presented in the case: First, was the plea of payment properly urged, and was it sufficiently set forth to permit proof thereunder; and, second, has the plaintiff sustained the plea of payment by sufficient proof. The first question was answered in our previous opinion, but as the matter is again urged in a little different form, it becomes necessary to comment on this issue again.

As was stated in the previous opinion, the plea of payment urged by plaintiff against the notes on which intervener relies for a preference is contained in the supplemental answer filed by plaintiff and the motor company to the petition of intervention and third opposition filed by the Many Finance Company, of which Joe Dover is the owner and proprietor. The pertinent part of that plea reads as follows:

"That both the notes sued upon by the Many Finance Co., in this matter were fully paid, and surrendered by Joe Dover to the Universal Motors Co.—Louis Bennett, Secty-Treas. on or about August 1st, 1935.

"That on or about August 1st, 1935, at the office of the Many Finance Co., in Many, La., the Universal Motors Co., Inc., made a settlement with the Many Finance Co., gave a new note for $313.58 to take up the balance due, and in that settlement the two notes sued upon by the Many Finance Co., were surrendered and delivered to Universal Motors, Inc."

The supplemental answer further states that about August 15, 1935, after the intervener had ascertained that the Universal Motors Company was insolvent, he persuaded the Secretary-Treasurer of the motor company to return the two notes to him, which was done, but that the notes were returned without any consideration whatever.

After the case was remanded, the intervener filed a motion to strike out all the evidence tendered under this supplemental answer on the ground that the plaintiff had pleaded payment and seeks by the evidence to prove a novation; that the pleas of payment and novation are inconsistent and cannot be urged at the same time, except in the alternative. Further objection was made to the evidence offered in support of the plea on the same grounds. No ruling was made on the motion and the objection, but the action taken by the trial judge in deciding the case on the merits was equivalent to overruling them.

We adhere to our former ruling that the plea was sufficient to permit proof to show payment of the notes. It is not necessary that a plea of payment set up with detailed particularity in what manner an obligation was paid, nor is it necessary to give all the circumstances connected with the payment. Holmes v. Deplaigne, 23 La.Ann. 238. Of course, the plea of payment admits the debt and throws the burden on the debtor to show with legal certainty the discharge of the obligation by payment. It follows as a corollary of this rule that the debtor must allege such facts as will apprize the creditor of the principal facts and circumstances connected with the payment, so that the creditor may meet them if he can do so. As we said before, the plea in this case is sufficient for that purpose.

Nor do we think that the plea is one of novation as strenuously urged by counsel for the intervener after the case was remanded. The plea as filed in this case has the effect of showing that these two notes held by the intervener were discharged in at least two ways; viz., by payment, and by the principal debtor becoming the holder of the notes after their maturity in its own right. Negotiable Instruments Law, Act No. 64 of 1904, Section 119. Neither of the two methods of discharge is inconsistent with the other, for, as a matter of fact, when a note is paid and surrendered to the maker by the holder, the former comes into possession of the note in his own right, and the note is thereby cancelled. The possession by the maker of the note after maturity creates the presumption that the note has been paid and discharged. Lindsey Merc. Co., Inc., v. Lindsey, 5 La.App. 195.

The second and only remaining question is whether or not the facts show that the Universal Motors settled the two mortgage notes held by intervener on August 1, 1935, and secured possession of these notes as set forth in the supplemental answer. In our opinion, the evidence not only shows to a legal certainty

that such was the case, but the intervener has made a rather feeble and unimpressive denial of the fact. In fact, he does not specifically deny that the settlement was made as claimed in the supplemental answer, but attempts to evade a positive denial by saying that he does not remember.

On the other hand, the testimony of the secretary-treasurer of the Universal Motors is to the effect that this settlement was made at Many on August 1, 1935, and the two mortgage notes held by intervener were surrendered to him and by him taken back to Leesville; that these notes were in his possession as secretary-treasurer of the motor company until August 15th, when a meeting of the creditors of the motor company was held, and at which time intervener found out the insolvent condition of the motor company, and he thereupon persuaded the secretary-treasurer to return these notes to him, which was done, without any consideration whatever.

The testimony of the secretary-treasurer of the motor company on this point is corroborated by a statement made out at the time the settlement was made, which statement was excluded on the first trial but admitted after the case was remanded. This statement shows how the settlement was made for the two notes. The statement shows that the balance on the two notes at that time was $4,371.96, from which was deducted the proceeds of a mortgage note of the motor company dated July 23, 1935, for the sum of $1,763.92 and the proceeds of notes on four school buses amounting to $2,324.46, leaving a balance of $283.58. To this balance was added a service charge of $30, making the total balance $313.58, for which amount the motor company executed its plain note.

When the two mortgage notes were surrendered to the motor company after this settlement was made, they were discharged and the chattel mortgage securing them was released and cancelled. The attempt to re-pledge and re-issue these two notes to the intervener fifteen days later could not and did not have the effect of reviving and reinstating the chattel mortgages by which the notes had been secured. Civil Code, Article 3285; Mente & Co., Inc., v. Levy, 160 La. 496, 107 So. 318. Consequently, the claim of a preference on the proceeds of the sale of the two cars made by the intervener must fail.

For the reasons assigned, the judgment is affirmed at the cost of the appellant in both courts.