Anthony Giardina, a contractor, sues Salvador J. D'Antoni, the owner of a building, on two alleged agreements for electrical, plumbing and carpenter work on the building. He demands the sum of $166.50.
In his original petition he alleges that he entered into two verbal agreements *Page 707 
with the defendant, which he classifies as agreements "A" and "B", and that, under agreement "A", D'Antoni agreed to pay $40 for certain work shown in exhibit "A", which is attached to the petition; that defendant paid $10 on account of said work, leaving a balance due of $30 on agreement "A".
He also alleges that D'Antoni instructed him to perform certain work as shown in exhibit "B", which is attached to his petition and that he, petitioner, believes the "price of $135 to be fair and reasonable on a quantum meruit" for the services rendered under agreement "B".
Plaintiff also alleges in his petition that he is entitled to recover $1.50 for the recordation of a building lien.
To this petition defendant filed an exception of no cause or right of action and an exception of vagueness. At the same time, in accordance with Act 219 of 1932, which provides that in the City Court in cases involving over $100 "all exceptions and answers must be filed at the same time", defendant also filed his answer, in which he denied that the two alleged agreements were made as set forth in plaintiff's petition. He averred: "That the itemized bills, marked `A' and `B', which are attached to the petition, were for work which plaintiff did under contract which he originally entered into on or about June 6th, 1939, and the second, a verbal agreement in which defendant agreed to pay the sum of Forty and 00/100 ($40.00) Dollars, plaintiff to do all extra and added work, which extra and added work is included in both itemized statements attached to the petition, with the exception of those items which were included in the original written contract made between plaintiff and the defendant."
Defendant further denied that he was "indebted unto petitioner in any sum, except the sum of Thirty and 00/100 ($30.00) Dollars, the balance due under the agreement to pay Forty and 00/100 ($40.00) Dollars to complete all extra work * * *".
The $30 which defendant admitted owing plaintiff was deposited by him in the registry of the court.
The lower court sustained both the exceptions of no cause or right of action and of vagueness, but granted plaintiff the right to amend his petition.
Plaintiff then amended his petition by setting forth in detail the time he spent and the charge made therefor on each item of work shown in the exhibits "A" "B" attached to his original petition. In the amended petition, plaintiff also alleged that he had employed both a licensed electrician and a licensed plumber to inspect the work and that they approved it, but that defendant had prevented him from obtaining from the public authorities the necessary certificates of approval.
To this supplemental petition, defendant, without waiving any of the exceptions previously filed, filed an answer. He reiterated the allegations of his original answer and alleged further that plaintiff's work was not done in a "proper workmanlike manner" and that "plaintiff was not a qualified or licensed plumber, electrician or carpenter * * *."
Defendant also filed a reconventional demand in which he alleged that on June 6, 1939, he and the plaintiff contractor entered into a written contract for certain electrical, plumbing and carpenter work in the sum of $240, which amount he had already paid; that he also had entered into a verbal contract for $40 for extra and added work, and that he had paid $10 on account and had already deposited the remaining $30 in the registry of the court. He averred, also, that the work done under both contracts was defective and that he had been damaged in the sum of $188.50 as the result thereof.
Defendant also asked leave of the court to withdraw the $30 previously deposited with the court.
There was judgment below in favor of plaintiff in the sum of $30, the amount deposited by defendant in the registry of the court, and for all costs incurred by plaintiff up to the date of said deposit. In all other respects the main and reconventional demands were dismissed as of non-suit. Plaintiff has appealed.
The defendant has neither appealed nor answered plaintiff's appeal. Consequently, this court is without right or power to reverse or amend the judgment in defendant's favor. Westwego Canal Terminal Company, Inc. v. Louisiana Highway Commission,189 La. 870, 181 So. 429; Pecoraro v. Kopanica et al., La.App., 173 So. 203; Dupuy v. Godchaux Sugars, et al., La.App., 184 So. 730; Douga v. Ancona Baking Company, Inc., La.App., 193 So. 271; Peppers v. Toye Bros. Yellow Cab Company, et al., La.App., 198 So. 177. *Page 708 
Giardina, in the lower court, introduced in evidence a receipt which reads as follows:
"Account 40.00
"Received from Mr. S.J. D'Antoni for job at 1699 Robert Street the sum of $10.00.
"A. Giardina."
He then sought to show that at the time he signed the above receipt there appeared, just below his signature, the following: "Due $165." He contends that the fact that such a notation appeared upon the receipt amounts to an admission on the part of the defendant that there was a balance due of $165 on the "job" he completed at defendant's residence; that this $165, when added to the $1.50 for the recordation of his building lien, totals $166.50, the amount he claims in his present action.
The plaintiff called the defendant under cross-examination under Act 115 of 1934. Defendant denied having tampered with the receipt and denied any knowledge that anyone else had done so. He further denied owing anything to the plaintiff except the sum of $30 due under a contract for extra work in the sum of $40. When he was asked the question what the receipt represented, he answered: "Represents Ten Dollars ($10.00) I paid Mr. Giardina on account of the extra work done, on the $40.00."
The defendant's wife denied erasing anything from the receipt and stated that the receipt was given to her husband in its present form.
The plaintiff, on the other hand, testified that when he signed the receipt he put the words "due $165" below his signature. The plaintiff offered no other evidence in support of his demands.
Apparently realizing that he failed to prove the material allegations of his petition, the plaintiff further contends that the allegations in defendant's answer are tantamount to a plea of payment. He points to the well-settled rule that a plea of payment admits the debt and throws the burden on the debtor to show with legal certainty the discharge of the obligation by payment. See Tung v. Cassagne, 18 La.App. 361, 137 So. 342; Laurent v. Bethany, 18 La.App. 209, 138 So. 226; Motor Finance Company v. Universal Motors, La.App., 182 So. 143. Thus, plaintiff contends that the burden of proof was upon the defendant and that, since he has not sustained that burden, the court should render judgment as prayed for.
The allegations in defendant's answer do not constitute a plea of payment. In Williams v. N. Trado Company et al., 15 La.App. 121, 130 So. 846, plaintiff sued defendant for the purchase price of melons. In defendant's answer there appeared, after a categorical denial of the material allegations of the petition, the averment that "respondents have paid petitioner in full for any and all claims that he has or may have against your respondent." This court, in holding that the answer did not constitute a plea of payment and, hence, an admission of the indebtedness sued upon, said:
"The situation is very similar to that which confronted the Supreme Court of Louisiana in Robinson v. Landrum, 10 La.Ann. 539, in which `the defendant pleaded a general denial, admitting, however, that the plaintiff "had done work for him" on the building, but that he had paid for the same in full, to-wit: the sum of $310.' According to the syllabus the court held:
"`That this averment did not waive the general denial, and operate as a recognition of the whole debt.'
"In the body of the opinion the court said:
"`The doctrine that the plea of payment admits the debt, only affirms the general principle that litigants should be consistent and truthful in their pleadings, and cannot be allowed to assume positions which are contradictory.
"`An allegation that a debt has been paid, is certainly an admission that it once existed, but an averment by a defendant that he has paid all that he admits to have been due, coupled with a denial of further indebtedness and specifying at the same time the amount thus paid, though it may operate as an admission pro tanto, cannot be considered as a recognition of the whole of the plaintiff's demand. The answer of the defendant is consistent with itself, and if supported by the evidence would present a defense in every respect equitable.'
"Similarly here, an allegation that a full settlement has been had does not necessarily mean that all that is claimed is, by that settlement, admitted to be due. The answers here, read together and as a whole, do not constitute an admission of *Page 709 
indebtedness, but do constitute a denial that defendants agreed to purchase the melons and a denial that they agreed to pay the commission claimed. The evidence tendered supported these denials and was properly admitted."
In Geo. C. Vaughan Sons, Inc. v. Burnaman, 2 La.App. 333, the Second Circuit Court of Appeal held that, where a defendant denied each paragraph of plaintiff's petition but admitted that he owed plaintiff a small amount, which he tendered, that defendant had not by his pleadings raised the plea of payment.
The defendant, not having made a plea of payment, did not admit the material allegations in plaintiff's petition, on which plaintiff relies for recovery. Hence, it was incumbent upon plaintiff to prove his demand by a preponderance of evidence. See Duncan v. Blackman, 3 La.App. 421; Leslie Company v. Michel Bouchon Canning Company, 6 La.App. 775; Thompson v. Michelli, La.App., 144 So. 619.
The plaintiff having failed in this respect, the judge a quo properly dismissed his action as of non-suit.
For the reasons assigned the judgment appealed from is affirmed, costs of this appeal to be paid by plaintiff-appellant.
Affirmed.