JANVIER, Judge.
This litigation results from an automobile collision which took place at about 5:30 P. M. on December 24tH, 1947, in the intersection of Second and Magnolia Streets, in New Orleans. The two automobiles, which were involved/ were a 1946 Dodge delivery truck owned by Belmont Haydel, who does business as Haydel Flower Shop, and which was being operated by Dallas Broussard, an employee of Haydel, and a 1938 International truck, which was owned and operated by Paul Devrouax. Both trucks were damaged and Quaker City Fire & Marine Insurance Company having issued to Haydel a policy of collision insurance with what is termed a Fifty Dollar Deductible Clause, and having paid Haydel the cost of repairing his truck after a deduction of $50.00, and having obtained from Haydel a subro-gation to any rights which he might have against Devrouax, joined with Playdel in bringing this suit against D.evrouax.
Plaintiffs alleged that the collision resulted from the negligence of Devrouax, and Haydel prayed for judgment for $50.00 and Quaker City Fire & Marine -Insurance Company prayed for judgment for $532.75; Devrouax answered, denying all negligence on his part and averring that the accident had been caused by the negligence of Brous-sard, who was operating the Haydel truck. Devrouax, then assumed the position of plaintiff in reconvention and, averring that the collision had been caused by the negligence of Broussard, prayed for judgment in reconvention against Haydel in the sum of $1192. 58, of which he claimed $322.58 as the cost of repairing his truck and $870.00 as his loss of earnings due to being deprived of the use of his truck for a period of thirty weeks.
There was judgment in the Civil District Court for the Parish of Orleans dismissing the suit of Quaker City Fire & Marine In *538 surance Company and Haydel, and, on the reconventional demand there was judgment in favor of Devrouax and against Haydel in the sum of $322.58. Haydel has appealed devolutively and suspensively.
Though Devrouax neither appealed nor answered the appeal, his counsel, in brief and in oral argument, assert that the judgment in his favor should be increased and that he should be awarded a substantial amount to represent his loss of earnings due to his having been deprived of the use of his truck. Of course, no increase or amendment in his favor can be granted since no answer to the appeal was filed and no independent appeal was taken.
As we said in Giardina v. D’Antoni, 1 So. 2d 706, 707: “The defendant has neither appealed nor answered plaintiff’s appeal. Consequently, this court is without right or power to reverse or amend the judgment in defendant’s favor. Westwego Canal & Terminal Company, Inc. v. Louisiana Highway Commission, 189 La. 870, 181 So. 429; Pecoraro v. Kopanica et al., La.App., 173 So. 203; Dupuy v. Godchaux Sugars et al., La.App., 184 So. 730; Douga v. Ancona Baking Company, Inc., La.App., 193 So. 271; Peppers v. Toye Bros. Yellow Cab Company et al., La.App., 198 So. 177.”
The Haydel truck was being driven up Magnolia Street and the Devrouax truck was on Second Street, going towards the Mississippi River. On Magnolia Street, at the time, there were street car tracks. Since there is no evidence to the contra'ry, we will assume that since there were street car tracks on Magnolia Street, street cars were being operated over those tracks. Consequently, the provisions of Ordinance 14,104, C.C.S., became applicable. This ordinance amends paragraph (b) of Section 2 of Article VII of Ordinance No. 13,702, C. C.S., which is the General Traffic Ordinance of the City of New Orleans. Section 2(b) of Ordinance No. 14,104 reads as follows : “Every operator of any street car or bus, either gas or electric, used to carry passengers or school children, or any self-propelled or any other vehicle or pedestrian travelling on any street intersecting any other street, on which street cars or trains are routed by any Ordinance of the City, shall come to a full stop where the street on which they are travelling meets the prolongation of the nearest property line of such other street they are about to enter or cross, and shall listen and look for approaching street cars and trains before crossing or turning into said street, subject, however, to the direction of any traffic control sign or signal or any police officer at such intersection.”
It is clear then that there was an absolute duty in Devrouax to stop and look both ways before entering that intersection. In addition, it is shown that the Police Department had erected on Second Street a traffic control sign with the word “Stop” on it. It is shown, however, that sometime prior to the occurrence of the accident which gave rise to this case, that sign had been knocked down.
As against Devrouax, it is charged that he was driving his car at a fast and reckless speed; that he failed to keep a proper lookout, and failed to come to a stop before entering the intersection. It is especially alleged that, immediately after the accident, he admitted that it had been caused by the fact that the brakes of his truck failed to work, and it is also charged that he agreed to pay for the damage to the Haydel truck.
On the other hand, it is charged by Dev-rouax, who denied all negligence on his part and denied that he had admitted that he had been at fault, that Broussard, the driver of the Haydel truck, was at fault in that he was proceeding at a “speed of 40 miles per hour on wet streets,” and in that he did not have his truck under control.
The records shows rather conclusively that Broussard, the driver of the Haydel truck, was operating it at a speed of approximately 25 or 35 miles an hour and this in spite of the fact that the street was wet. Furthermore, Broussard admitted that he did not see the other truck of Devrouax until it was about five feet away. Since he was on a street on which there were street car tracks he was warranted in assuming that no vehicle would enter the intersection from Second Street without coming to a full stop. Still it is settled that it does not follow that he could enter the intersection himself at an excessive speed and without *539 looking for possible traffic on the other street. As we have said, we think that Broussard was at fault in entering the intersection without looking for traffic on the other street, and it necessarily follows that this negligence on his part, having had casual connection with the ensuing accident, prevents recovery by the Quaker City Fire & Marine Insurance Company and by Hay-del.
On the other hand, however, we are not impressed by the testimony of Dev'rouax, nor by that of the other witnesses produced on his behalf. He himself says that after stopping and looking in both directions, he started his car and entered the intersection at a speed probably not as great as five miles an hour. If he entered at that speed, and it is hard to believe that it was so slow as that, he was travelling at about seven and one-half feet per second and therefore in about two seconds reached the spot at which he was struck. In other words, the Haydel truck was only two or possibly three seconds away from him when he entered the intersection. It could not have been so far away as to justify his conclusion that he “had a chance to get across.” We think, on the contrary, that he took a chance, which in fact he did not have. Furthermore, if his car was moving at only five miles per hour, or possibly a little less as he says, he could have stopped it in a very few feet and could have permitted the Haydel car to pass safely in front of him, if he was looking and if he saw the Haydel car, as he says he did. We realize, of course, that when one is looking at a car coming “head-on” it is difficult to determine its exact speed, but we are certain that if a car, even approaching “head-on”, is going at so high a rate of speed as forty miles an hour, it can easily be realized that it is dangerous to cross in front of it when it is already so near that it can reach the intersection in from two to three seconds. If Devrouax looked and saw the Haydel car as he says he did, it is certain that it was so near to him that he should not have attempted to cross.
The testimony of Devrouax’s supporting witness does not impress us.
Our conclusion is that had Dev-rouax been careful to any extent at all, the accident would not have occurred. It necessarily follows that since his contributory negligence played a part in causing his damage, he cannot recover.
The judgment appealed from, in so far as it runs in favor of defendant and plaintiff in reconvention, is annulled, avoided and reversed and the reconventional demand is dismissed at the cost of plaintiff in recon-vention; in all other respects the judgment is affirmed at the cost of plaintiffs and appellants.
Affirmed in part; reversed in part