THOMPSON, J.
This suit is brought by the plaintiff corporation against J. L. Block, who was formerly manager of the corporation.
It is charged that the said Block, who has had control of the affairs of the corporation, has removed all of the books, papers, and the corporation seal away from the domicile of the corporation and out of the state, and, in defiance of the rights of the corporation, assumes to manage and carry on all the business of the said corporation at Houston, Tex., to collect the revenues of said corporation, and to declare and pay dividends; that the said Block has sold the oil produced by the Martel Corporation for much less than the market value of the said oil at that time, and has thereby caused great loss to the' corporation.
It is further alleged that the said Martel Syndicate receives regularly from the Gulf Refining .Company, under a contract, certain royalties on oil produced and sold from the lands of said corporation, and that said Block, having possession of all of the books, papers, seal, and muniments of title, continues to receive the said royalties, and the said Gulf Refining Company still continues to turn them over-to said Block, despite petitioners’ protest.
It is further alleged that petitioners have the right, to have their affairs conducted in accordance with law, by its duly elected directors and officers, and that such officers alone under the law are entitled to possession and control of the property, rights, credit, and seal of said corporation.
A writ of sequestration was issued, directing the sheriff to seize all of the property, rights, revenues, credits, and seal of said corporation found within the parish of Acadia. The defendant Block was cited' through a curator ad hoc. The record does not show whether any property was seized in the parish of Acadia or not, but we assume from statements in the brief of counsel that some property of said corporation was found and seized in said parish.
The curator for Block made no appearance, but counsel employed by Block appeared in his behalf and filed the following exceptions: (1) That defendant is a resident and citizen of the state of Texas,'and cannot be brought *872 into court by substituted service; (2) that ■ the Martel Syndicate is domiciled at Jennings, Jefferson Davis parish, and the court of Acadia parish is without jurisdiction of the res or the corporation; (3) that the property, books, and papers which plaintiffs seek to have sequestered are not within the jurisdiction of this court; and (4) that there is a suit pending between the same parties in Jefferson Davis parish over the same controversy, and for that reason the court of Acadia parish is without jurisdiction. The trial court sustained the exceptions and dismissed the suit. The plaintiff appeals.
Opinion.
It will be noted that the exception to the jurisdiction ratione personae tenders conjointly other issues of which the court is asked to determine, to wit: That the domicile of the plaintiff corporation is in the parish of Jefferson Davis, and hence that the court of Acadia parish is without jurisdiction of the res or the corporation, that the property, books, and papers which plaintiff seeks to have sequested are nffot within the jurisdiction of the Acadia court, and that there is a suit pending between the same parties in Jefferson Davis parish.
 It is well settled that a defendant cannot disclaim or deny jurisdiction ratione personae, and at the same time and in the same exception and without reservation invoke the action of the court on other matters involved in.the suit. In State v. Buck, 46 La. Ann. 656, 15 South. 531, it was said:
“The well-defined theory of our jurisprudence is that the exception of want of jurisdiction ratione person® to be availing must be presented in limine and alone, and altogether disconnected with and disembarrassed by any other averment of fact which indicates the joining of issue. If any other issue be conjointly tendered with such exception, it must necessarily fail.”
In First National Bank v. Johnson, 130 La. 288, 57 South. 930, it was said:
“The rule is that an appearance to the-suit, except for the purpose of objecting to the jurisdiction, or to the process or citation, subjects defendant to the jurisdiction of the court.”
See, also, Bank of Selma v. WalKer, 130 La. 810; 58 South. 580; Andrews v. Sheehy, 125 La. 222, 51 South. 122; Iddle v. Hamler Boiler & Tank Co., 132 La. 476, 61 South. 532.
It is averred in the petition that the capital stock of the plaintiff corporation is $10,000. One of the purposes of the suit is to regain control of the corporate affairs and the possession' of the books, papers, and seal of the corporation and its revenues, and to prevent the spoliation of said revenues by the defendant. The district court of the parish of Acadia had jurisdiction ratione materise. We cannot conceive of any right in the defendant to complain at the selection by the plaintiff, for the purpose of litigating the matters involved, a forum other than that of the plaintiff’s domicile, where the forum selected is competent to determine the issues.
For the reasons assigned it is ordered and decreed that the judgment appealed from be reversed and set aside, and it is now ordered that the exception filed herein in the lower court be overruled, and that this case be remanded to be proceeded with according to the views herein expressed and according to law.
Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.