ROGERS, Justice.
 

 The Westwego Canal & Terminal Company, Inc., brought this suit against the Louisiana Highway Commission, under section 27 of Act No. 95 of 1921, Ex.Sess., to recover $6,700 as the value of certain land which it alleged the defendant commission had unlawfully appropriated.
 

 The commission filed an exception of no right or cause of action, and, later, filed an answer denying that it had encroached on plaintiff’s property and averring that it had merely availed itself of the right of way which it had. purchased from plaintiff for a valuable consideration. The commission also filed a special plea of estoppel.
 

 Defendant having abandoned its exception, the case was tried on its merits and judgment was rendered in favor of the plaintiff for $200, with interest from judicial demand and all costs. Plaintiff has appealed from the judgment.
 

 The record shows that the Westwego Canal & Terminal Company, Inc., as the successor of the Barataría & Lafourche Canal Company, is the owner and'operator of a certain canal, known as “Company Canal,” in the parish of Jefferson. The record also shows that prior to May 10, 1928, the Westwego Canal & Terminal Company, Inc., was the owner of a certain bridge over the Company Canal at the town of Westwego.
 

 On May 10, 1928, the Westwego Canal & Terminal Company, Inc., sold this bridge to the Louisiana Highway Commission, together with the right of way for a new bridge approximately on the site of the old bridge. The consideration of this sale was $6,000.
 

 In May, 1931, the Louisiana Highway Commission began - the construction of a new bridge over the Company Canal at a point adjacent to the old bridge. After a certain number of piles had been driven, the work was stopped on receipt by the commission of a written protest from the president of the Canal Company. The per
 
 *873
 
 tinent portion of this written protest reads as follows: “We, therefore, demand that your plans be changed from what they are now to ones that will permit us to operate our Canal as heretofore and to issue instructions to stop the work until the method that will be adopted will be approved by this Company.”
 

 Subsequently, a conference was held in regard to the protest of the Canal Company by representatives of that company and representatives of the Highway Commission. At this conference it was agreed that the location of the bridge would be changed and that it would be constructed at right angles, instead of at acute angles, to the center line of the canal, and that the piles previously driven would be removed and relocated as requested by the Canal Company.
 

 The commission then proceeded to construct the new bridge adjacent to the old bridge, and there was no complaint on the part of the Canal Company as to the location with reference to the operation of its canal, although it did complain that the bridge was not constructed over the right of way purchased by the commission, and' demanded additional compensation.
 

 . The agreement between the parties as embodied in the deed of May 10, 1928, clearly evidences the intent on their part that the Highway Commission should purchase the old bridge, “together with a right , of way for a new bridge should such a bridge in the opinion of the State Highway Engineer, his successor or successors, become necessary, of not more than forty (40) feet over and across the property of the Westwego Canal & Terminal Company, Inc., adjacent to the present highway traffic bridge over the canal of said Company * * * as approximately located and shown in red on the blue print attached hereto and made a part hereof, and designated as ‘Right of Way for .location of proposed new bridge approximately on present bridge site.’ ”
 

 The testimony of the engineers of the Highway Commission is, that the new bridge is located within the right of way purchased by the commission. The testimony of the engineers of the Canal Company is otherwise.
 

 The president of the Canal Company, in his testimony, admitted that his company was under the legal obligation to keep the old bridge open to traffic. A similar obligation devolved upon the Highway Commission when it acquired the bridge- from the .Canal Company. Hence, it is clear that the Highway Commission in locating the new bridge was of necessity required to allow sufficient space between the new bridge and the old bridge so that the old bridge could be swung laterally and parallel to the canal in order to permit the passage of water craft through the canal; otherwise, traffic through the canal would be blocked.
 

 The record satisfies us that the engineers of the Highway Commission located the new bridge to meet the traffic requirements. It was located as near as possible to the old bridge so as to connect with the existing highway on both sides of the canal and to obviate as much new construction as
 
 *875
 
 practicable.' Its approximate location conforms to the terms of the contract and to the intention of the contracting parties.
 

 Plaintiff relies largely on a sketch of a survey made on the ground by Frank H. Waddill, a well-known civil engineer of Orleans.
 

 Testifying on behalf of plaintiff, Mr. .Waddill stated that his survey was as nearly exact as a survey could be made of the locks, the levee, and the remaining portion of the old bridge. He measured what appeared to him to be the location of the old bridge, and he then measured the location of the new bridge with reference to the locks, the old bridge, and the canal center, from which he undertook to locate on the ground the right of way shown on the blueprint attached to the deed of sale. And he marked off on his sketch as nearly as he knew how to locate it, the right of way according to the deed of sale.
 

 As we understand the testimony of Mr. Waddill, he does not undertake to fix the exact location of the right of way sold by the Canal Company to the Highway Commission. And we do not think he could do so, because the description of the right of way in the deed of sale and the annexed blue print is very indefinite. Obviously, for practical reasons, the right of way was only approximately located in the deed and annexed blueprint; the clear intention of the contracting parties being to permit the Highway Commission to locate the new bridge as nearly adjacent t.o the old bridge as the conditions warranted.
 

 This view is supported by the
 
 testimony
 
 of Mr. B. P. Lyons, bridge construction engineer of the Highway Commission, who testified in positive terms that the new bridge was constructed as near as possible to the old bridge, and that it was constructed on the right of way located in accordance with the description contained in the deed of sale from the Canal Company to the Highway Commission and the blueprint annexed thereto.
 

 Even the sketch drawn by Mr. Waddill shows that the larger portion of the new bridge is on
 
 the right
 
 of way established by him, and that the smaller portion of the bridge not on the right of way so established is on the only spot it could be located in order to meet the demand of the Canal Company that it be given a bridge with an opening at right angles to the center line of the locks.
 

 Plaintiff complains that defendant by erecting a fence thereon has appropriated some of its property. We find, however, from the testimony, that the so-called fence, which is in reality a wire guard rail, is located on the property of the Highway Commission and not on the property of the ’ Canal Company.
 

 Our conclusion is, that the 40-foot right of way acquired by the deed of sale added to the 60-foot right of way where the old bridge stood shows that the Highway Commission was within its rights in locating the new bridge where it did, and that it did not occupy any property which it was not rightfully entitled to occupy.
 

 
 *877
 
 Since the trial judge has not assigned any- written reasons for his judgment in plaintiff’s favor for $200, we are not advised as to the grounds on which he predicated his award. But that is a matter of no importance, because the defendant has neither appealed nor answered, plaintiff’s appeal, and, therefore, the judgment cannot be changed in that respect.
 

 For the reasons assigned, the judgment herein appealed from is affirmed.
 

 O’NIELL, C. J., does not take part.