FOURNET, Chief Justice.
The plaintiff, Willie O. Mitchell, is appealing from the judgment of the District Court for the Parish of East Baton Rouge sustaining exceptions to the jurisdiction ratione personae and ratione materiae and dismissing his suit against the defendant, Gulf States Finance Corporation, d/b/a E. J. Gonzales Finance Co., a corporation domiciled in Orleans Parish but doing business in Baton Rouge, in which the plaintiff, claiming ownership of a certain Buick automobile allegedly in the possession of the defendant in Baton Rouge, •sought and obtained a writ of sequestration and sequestered the car, which was parked on a used car lot maintained by the defendant in that city.
The record reveals that the defendant filed a motion to dissolve the attachment on the ground that it has never been the owner of the car and did not have possession at the time of the seizure. The defendant also excepted to the plaintiff’s petition “for the following reasons, to wit: That this Honorable Court is without jurisdiction ratione personae or ratione materiae over defendant,” and prayed “that this exception be maintained,” and for judgment accordingly. Continuing in the same document but “without in any manner waiving the benefits of the foregoing exception, and reserving all of its rights under the same,” other exceptions were filed, each being a separate pleading with a prayer that it be maintained and prefaced with a reservation of all benefits. These were exceptions of (1) vagueness, (2) improper verification, and (3) no cause and no right of action. Reserving its rights thereunder, the defendant answered, claiming damages by way of reconvention. At the same time a petition of intervention was filed by Cartown, Inc., a private Louisiana corporation, in which it claimed to be owner of the automobile and alleged that when seized, the car was in its possession.
In disposing of the exceptions, those to the jurisdiction were first taken up, and counsel for the defendant-exceptor having' requested permission to take testimony, the Court granted a delay in order to permit plaintiff to prepare his proof on the *1011 question of possession of the automobile by the defendant within the jurisdiction of the court. All rights under the exceptions to the jurisdiction being reserved, the other exceptions were argued, with the result that the exception of vagueness was referred to the merits, that of improper verification was submitted on briefs to be filed (and was later overruled), and the exception of no cause or right of action was referred to the merits. Subsequently evidence was adduced on the exceptions to the jurisdiction, resulting in judgment sustaining both the exceptions ratione personae and ratione materiae for the reason, as stated by the trial court, that the evidence clearly showed that the vehicle sequestered was not in the possession of defendant.
The plaintiff-appellant’s position, that the defendant by his mode of pleading waived his exception to the jurisdiction ratione personae, is well taken; the exact point was decided in the case of George Garig Transfer Co., Inc., v. Harris, 226 La. 117, 75 So.2d 28, 34, in which this Court distinguished State v. Younger, 206 La. 1037, 20 So.2d 305, relied on by the defendant here, and in a Per Curiam pointed out that “In the Younger case, unlike the case at bar, the exceptions were filed ‘only in the alternative, with full reservation of and without waiving his exception to the jurisdiction of the court, and solely for the purpose of complying with the requirements of Act No. 124 of 1936;’ whereas here, the exceptions to the jurisdiction ratione personae and ratione materiae were submitted together, without reservation, * * See State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708; Martel Syndicate v. Block, 154 La. 869, 98 So. 400.
The exception to the jurisdiction ratione materiae is also without merit;, the automobile sequestered was admittedly within the jurisdiction of the Court-Counsel for the defendant, obviously realizing that we would probably reach that conclusion, now urges, in the alternative, that the defendant never had either physical or legal possession of the automobile upon which a right of action could' be predicated; and that even though this, exception was not ruled upon by the lower court, since it may be taken advantage of at any stage of the proceedings,[1] this-Court should now maintain the exception —the proof thereon being identical with the proof submitted. on the exception to' the jurisdiction[2] — and dismiss the plaintiff’s suit.
*1013 It appears from an examination of the record that the automobile in question, a new Buick which had been transferred between various dealers but never been sold to an individual, was purchased in Tyler, Texas, from J. C. Motors by -Egan M. Decuir, as president of Cartown, Inc., .a draft being drawn on the defendant through Fidelity National Bank, Baton Rouge. The draft was duly paid upon presentation, the title papers being attached with the name of the purchaser in blank; the check in payment was signed “Cartown, Inc.,[3] by R. B. Gonzales, Vice President”.[4] Decuir, who testified (without explaining the meaning of the term), “I floor plan my cars 100% with the E. J. Gonzales Finance Company,” never had possession of the title papers, nor did he ever see them; on behalf of Cartown, Inc., he executed a mortgage for “floor plan papers” with the defendant in the amount of the purchase price, a duplicate original of which was filed with the Louisiana Vehicle Commission by the defendant, in compliance with the Vehicle Certificate Title Act,[5] along with other information identifying the car and the notation “No title exists because: New, not registered.”
Upon arrival in Baton Rouge the Buick was placed on a vacant lot used by Car-town, Inc., for storage of its vehicles, and *1015 within some three weeks Decuir was approached by one Halligan, a former employee of the defendant but more recently in business individually as a used car dealer, who thought he had a prospect for the purchase of the automobile; a verbal agreement was then made between Decuir and Halligan that the latter was to take the car for display, and if he could not dispose of it he, Halligan, would purchase it for the price paid by Cartown, Inc., plus expenses. Halligan thereupon advertised the car in the newspapers, and removed it to a used car lot at 1700 Main Street which was maintained by the defendant to display cars offered by it for sale to the public, under an agreement whereby Halligan parked certain cars on defendant’s lot and paid $25 to defendant for each of these cars sold. The automobile in question was seized while it was thus displayed on defendant’s lot; the title papers were still in possession of the defendant, with the name of the purchaser in blank.
Under the peculiar facts of this case, we think the trial judge properly referred the exception of no right of action to the merits. Under the Vehicle Certificate of Title Law, LSA-R.S. 32:701 et seq., the defendant alone was in a position to dispose of the car; it had the title papers, and the car was on its used car lot, mingled with other cars which it held out to the public for sale; whether or not it was in possession to protect its financial investment is a matter that goes to the merits of the case.
For the reasons assigned, the judgment of the District Court maintaining the exceptions to the jurisdiction ratione personae and ratione materiae, and dismissing-the plaintiff’s suit, is annulled and set aside,, the exceptions are overruled, and the caséis remanded to the lower court for further-proceedings according to law; the costs of this appeal to be borne by the defendantappellee.

. Article 346, Louisiana Code of Practice, provides: “Peremptory exceptions, founded on law, may be pleaded in every stage of the action, previous to the definitive judgment; but they must be pleaded specially, and sufficient time allowed to tlie adverse party to bring his evidence.”

. Article 902, Louisiana Code of Practice, provides, in part: “Although in general *1013 parties before the Supreme Court are not allowed to plead other matters than those which were before the inferior court, nevertheless it may depart from this rule, when the exception taken is one of those which may be pleaded at any period of a cause, and the proof of it appears by the mere examination of the record. * * * ”

. There are eleven shares of stock outstanding in Cartown, Inc. One is owned by Decuir, as President; five by JEt. B. Gonzales, Vice-President, (who also owns a small amount of non-voting stock in the defendant company and acts as its office manager at the Baton Rouge office) ; four shares are owned by one Donald Gonzales, and one share by Robbert C. Taylor, attorney for the defendant.

. The record shows that R. B. Gonzales is also bookkeeper for Cartown, Inc., and that the books and records of that corporation are kept at the offices of the defendant.

. Act 342 of 1950, LSA-R.S. 32:701 et seq., which requires an owner of a vehicle to apply for and secure a certificate of title as evidence of ownership, and provides that “A dealer who is reselling a vehicle which he purchased for stock purposes, and for which no certificate of title exists under this Chapter shall, in lieu of applying for and obtaining a certificate of title in his own (the dealer’s) name, and delivering same to the purchaser, note the fact of nonexistence and . the reasons therefor, including name and address of the party, whether factory, distributor or other person, from whom the vehicle was obtained, on a form to be prescribed and furnished by the commissioner, and deliver said form duly signed to such purchaser at the time of sale.” . LSA-R.S. 32:705(2).