TATE, Judge.
Plaintiff-appellee obtained judgment by default on October 19, 1954, against de-defendant-appellant in the sum of $106.54 prayed for. Domiciliary service had been made upon the defendant on September 14, 1954, and there is a pencilled notation upon the returned citation as follows: “Gen. Den. 9/24/54.” We are informed by oral argument of counsel that this was made by a deputy Clerk of Court signifying “general denial” when, as alleged, appellant appeared in person at the office of the Clerk of the City Court of Bogalusa, where this action had been filed. The note of evidence proving the default judgment contains the sworn testimony of plaintiff’s attorney that defendant had been at her law office three different times after she was served and had been informed that she should get a lawyer.
On November 20, 1954, by petition and order served upon opposing counsel, defendant (now plaintiff in rule) sought to have the previous judgment rendered on October 19, 1954, set aside and annulled and a new trial granted. To this petition and order, the plaintiff (defendant in rule) filed exceptions of no cause of action and of improper citation. Defendant (plaintiff in rule) has devolutively appealed from a City Court judgment sustaining these exceptions.
Appellee’s exception to citation was filed simultaneously with an exception of no cause of action (which latter exception did not reserve its rights under the exception of citation). Ordinarily appearance for any other purpose than to except to the citation or jurisdiction waives all such objections, Adams v. Ross Amusement Company, 182 La. 252, 161 So. 601, even when such other appearance is made with reservation of and subject to the exception to citation, True Tag Paint Co. v. Wellman, 142 La. 1038, 78 So. 109. This general principle is qualified by the effect of the 1936 amendment to Article 333, Code of Practice, requiring all dilatory exceptions to be pleaded in limine litis, and at one and the same time. Under Article 333, C.P., as amended, all dilatory exceptions (including declinatory exceptions, such as the exception to citation) must be filed at one and the same time; but it has been held, therefore, that filing a declinatory exception such as to the jurisdiction ratione personnae or to the citation at the same time as other dilatory exceptions does not waive the exception to jurisdiction or citation, when the other exceptions are filed only in the alternative and with full reservation of and without waiving the aforesaid declinatory exceptions, State v. Younger, 206 La. 1037, 20 So.2d 305, noted in 19 Tulane Law Review 460. Ap-pellee’s exception to citation must be overruled, since other than a dilatory exception was also filed by appellee (i. e., the peremptory exception of no right and cause of action).
The basis of the appellant’s cause of action and her appeal is her contention that the original judgment of October 19, 1954, is absolutely null and void, since appellee obtained it by default without notifying appellant of trial despite appellant’s (oral) general denial noted by the deputy clerk on September 24th, 1954. In our opinion, the trial court properly sustained the appellee’s exception of no cause of action.
The City Court of Bogalusa from which this case is appealed, is governed by the provisions of a special statute, LSA-R.S. 13:2091-2095 LSA-R.S. 13:2091(D) provides in part:
“ * * * In all civil actions where the amount involved is in excess of one hundred dollars exclusive of interest, the said court shall be a court of record, and the pleadings shall be in writing and governed by the rules applicable to district courts, provided, however, preliminary defaults shall not be required in any case. * * * ” (Italics ours.)
Since this suit involved more than $100 it was mandatory that defendant’s pleadings be in writing. The record reveals no pleadings filed by the defendant in the original proceeding.
Domiciliary service was had on the defendant in the original proceedings and the citation provided in part:
*450 “You will, therefore, comply with the above demand, or file your answer thereto in the office of this Court within ten days from the service of this citation on you * * * ” (Italics ours.)
The word “file” in the citation signifies a written document, since an oral denial cannot be “filed”, see 16 Words & Phrases, File, Subheading, Writing Re.quired, p. 559. In view of the statutory requirement of written pleadings, we cannot .permit a party who has stated to a clerk “I don’t owe that” to come into court later seeking nullity of a judgment regular on its face and definitive in nature.
For the reasons assigned, the judgment of the trial court sustaining the exception to citation is overrüled and the judgment of said trial court sustaining the exception óf no cause of action and dismissing the defendant’s petition to set aside the judgment is affirmed at appellant’s cost.
Affirmed.