111 So.2d 336

Kenneth C. CAMERON

v.

RESERVE INSURANCE COMPANY (and Calvert Fire Insurance Company).

No. 43646.

Dec. 15, 1958.

On Application for Rehearing Jan. 12, 1959.

On Rehearing April 27, 1959.

See also 233 La. 704, 98 So.2d 159.

Pugh & Boudreaux, by Charles J. Boudreaux, Voorhies, Labbe, Voorhies, Fontenot & Leonard, Lafayette, for appellants.

J. Minos Simon, Lafayette, for plaintiff, appellee and third party appellee.

HAMITER, Justice.

In July, 1956 a Ford Thunderbird automobile belonging to plaintiff was almost completely demolished in an upset or collision accident, and thereafter such owner instituted this suit in the Fifteenth Judicial District Court for the Parish of Lafayette seeking judgment condemning the Reserve

Insurance Company and Calvert Fire Insurance Company (referred to hereinafter as Reserve and Calvert, respectively), jointly and severally, to pay to him the amount of the loss sustained, plus attorney's fees, penalties, interest and costs.

At the time of the accident the mentioned automobile was being driven with plaintiff's consent by Wilbur J. Fabre, a resident of St. Mary Parish, against whom (as a third party defendant) Reserve asked judgment in this suit for whatever sum it might be required to pay to plaintiff. Fabre excepted to the third party action on the ground that the District Court of Lafayette Parish was without jurisdiction over his person.

After a trial such court ruled as follows: "It is Ordered, Adjudged and Decreed that there be judgment in favor of plaintiff, Kenneth C. Cameron, and against defendants, Reserve Insurance Company and Calvert Fire Insurance Company, severally, each in the amount of one-half (½) of the sum of Two Thousand Two Hundred Twenty-seven and $^{48}/_{100}$ ($2,227.48) Dollars, with legal interest from date of judicial demand until paid, and with penalties of twelve (12%) percent on the total amount of the award of damages herein.

"It is Further Ordered, Adjudged and Decreed that plaintiff do recover in addition to the above award attorney's fees in the sum of Eight Hundred Fifty and No/100 ($850.00) Dollars, to be paid in equal amount by the said two (2) defendants, together with five (5%) percent per annum interest thereon from date of judicial demand until paid.

"It is Further Ordered, Adjudged and Decreed that the exception to the jurisdiction of the court filed by Wilbur J. Fabre against the third party petition of Reserve Insurance Company be and is hereby sustained and the suit against him is dismissed as of non-suit."

From the judgment the two defendant insurance companies appealed. Plaintiff did not appeal. He answered the appeals of the defendants, praying only that the award of attorney's fees be increased. Fabre, the third party defendant, has moved to dismiss the appeal of Reserve insofar as he is concerned.

Although the motion of Fabre to dismiss Reserve's appeal is untenable (the appeal was properly granted and a suitable bond furnished), we think that his exception to the jurisdiction to the court rationae personae (which he timely urged) was correctly sustained. The third party practice act (LRS 13:3381 et seq.) provides no exception to the general rule that a defendant is entitled to be sued in the court of his domicile.

Respecting the merits of this cause the evidence discloses that on March 19, 1956 Reserve insured a 1956 Lincoln automobile

belonging to plaintiff against collision or upset, the policy reciting that the insurance would be effective until September 10, 1957 and describing a chattel mortgage that encumbered that vehicle. On July 9, 1956 (while such policy was in force and effect) plaintiff traded the Lincoln for, and replaced it with, a 1956 Ford Thunderbird, he at the time executing a chattel mortgage on the new machine to secure payment of the unpaid portion of its purchase price. Six days later (July 15, 1956) Wilbur J. Fabre wrecked the Thunderbird while driving it with plaintiff's permission. At that time Fabre owned a 1955 Chrysler automobile which was insured by Calvert against collision or upset.

In seeking to hold the two defendant insurance companies jointly and severally liable herein plaintiff invokes certain recitals contained in their respective policies, namely:

1. In Reserve's policy originally insuring plaintiff's Lincoln—"IV Automatic Insurance for Newly Acquired Automobiles: If the insured who is the owner of the automobile, or his spouse if a resident of the same household, acquires ownership of another automobile and so notifies the company within thirty days following the date of its delivery, such insurance as is afforded by this policy applies also to such other automobile as of the date of such acquisition:

"(a) If it replaces an automobile described in this policy, * * *."

2. In Calvert's policy insuring Fabre's Chrysler—"V Use of Other Automobiles— Collision or Upset Coverage. If the insured is an individual or husband and wife and if during the policy period such insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverage B–1 with respect to said automobile applies with respect to any other private passenger automobile while being operated or used by such insured or spouse. * * *"

Reserve contends that it is not liable under the provision affording automatic insurance for a newly acquired automobile because plaintiff granted a mortgage on the Thunderbird when replacing the Lincoln, without reporting it to the insurer, in violation of the following exclusionary clause contained in the policy: "This policy does not apply:

*     *     *     *     *     *

"(b) under any of the coverages, if the automobile is or at any time becomes subject to any bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance not specifically declared and described in this policy: * * *"

■ The contention is without merit. The quoted exclusionary clause applies only

to the originally insured Lincoln, for clause 10 of the conditions section of the policy specifically states: "10. Automobile Defined: * * * Except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle, trailer or semitrailer described in this policy. * *" Besides, an upholding of the contention would amount to an excepting from the permitted thirty days' notification period of the standard automatic coverage provision of policies the vast number of cars purchased in credit transactions, because when immediately informing the insurer of the granting of a chattel mortgage on a newly purchased automobile (if such were required) the insured would necessarily be giving notice at the same time of the acquisition of the substituted vehicle. Clearly this was not intended.

Our decision in Lee v. Travelers Fire Insurance Co., 219 La. 587, 53 So.2d 692, cited by counsel for Reserve, is without application here for the reason that no automatic coverage provision was involved therein.

Consequently, we hold that Reserve's policy, in force and effect at the time of the accident, afforded full collision or upset coverage to plaintiff's Thunderbird.

Alternatively, Reserve maintains (as does the plaintiff herein) that both it and Calvert are liable; and that the judgment of

the district court, which condemned each for one-half the loss, should be affirmed.

Calvert, on the other hand, contends that there is no liability under its policy which directly insured only the Chrysler automobile owned by Fabre, the driver of the Thunderbird at the time of the accident. In this connection it calls attention to the following exclusion, contained in its insuring agreement V (relative to use of other automobiles), which recites:

"This insuring agreement does not apply:

* * * * * *

"(3) to any loss when there is any other insurance which would apply thereto in the absence of this insuring agreement, whether such other insurance covers the interest of the insured or spouse, the owner of the automobile or any other person or organization."

Countering Calvert's contention of non-liability, Reserve insists that its insuring agreement IV, relating to automatic coverage, contains the same exclusion; and that, as a result, co-insurance on the Thunderbird existed and each insurance company must pay its prorata share of the loss. The exclusion thus relied on reads: "This insuring agreement does not apply: (a) to any loss against which the *insured* or *such spouse has other valid and collectible insurance, * * *." (Italics ours)

A careful reading of the quoted two exclusionary clauses will disclose that they are not the same. The one found in Reserve's policy prevents the full automatic coverage from becoming operative only when the *insured* (this plaintiff) has other valid and collectible insurance, meaning obviously direct insurance obtained on the substituted vehicle (in this cause none had been secured by plaintiff). Whereas, as stated in the other exclusion, Calvert would not be liable under the "use of other automobile" provision for "any loss when there is any other insurance which would apply thereto in the absence of this insuring agreement." By the latter clause, undoubtedly, Calvert's liability was rendered secondary to any other insurance on the wrecked automobile, particularly the coverage provided by Reserve.

■ Since the Thunderbird was fully covered against collision or upset by Reserve's policy the mentioned insuring agreement V between Calvert and Fabre (use of other automobile) did not become operative and, consequently, there is no liability on the part of Calvert.

Cited on behalf of plaintiff and Reserve are Pullen v. Employers' Liability Assurance Corporation, 230 La. 867, 89 So.2d 373, and Spurlock v. Boyce-Harvey Machinery, Inc., La.App., 90 So.2d 417. However, because of different factual situations and issues involved those cases are not analogous here.

■ According to our afore announced conclusion Reserve should pay to plaintiff the full amount of his loss. But, as above shown, the trial judge condemned it to pay only one-half of the claim; and plaintiff neither appealed from the judgment nor answered Reserve's appeal (except to pray for an increase in the award for attorney's fees). Under such circumstances we are powerless to increase the principal amount of the judgment rendered against that insurer. Westwego Canal & Terminal Co., Inc., v. Louisiana Highway Commission, 189 La. 870, 181 So. 429; Carter v. Arkansas Louisiana Gas Co., 213 La. 1028, 36 So.2d 26; Sheeks v. McCain-Richards, Inc., 226 La. 578, 76 So.2d 892, and Macaluso v. Thibodeaux, 232 La. 431, 94 So.2d 426. However, we shall reserve to plaintiff whatever further rights (if any) he might have against such defendant.

. ■ A complaint is also made by Reserve respecting the trial judge's assessing of penalties and attorney's fees against it for failing to timely pay plaintiff's claim. We are not convinced that the awarding of these items was improper. From the foregoing discussion it is apparent that the instant action basically is one between the two insurance companies. This being true plaintiff should not have been required to await a determination of their dispute. In our opinion the companies should have agreed upon some method by which plaintiff would have been paid, each reserving

its rights against the other pending the outcome of the litigation as between themselves.

█ Nor do we think that there is any merit in the contention of plaintiff that the attorney's fees awarded should be increased. In Massey v. Consumer's Ice Co. of Shreveport, Inc., 223 La. 731, 66 So.2d 789, 790, we said: "It is well settled that the question of the value of services rendered by an attorney-at-law is one that comes peculiarly within the province of the judge before whom the services were performed. He superintends the making up of the record, becomes closely acquainted with all the details of the proceeding and thus obtains an intimate knowledge of the kind of services rendered and of their value. * * *" Considering the amount of the claim herein and the extent of the services rendered in behalf of plaintiff we are unable to conclude that the award of attorney's fees was inadequate.

For the reasons assigned the judgment of the district court against the defendant Calvert Fire Insurance Company is reversed and set aside and plaintiff's suit against that defendant is dismissed. In all other respects the judgment is affirmed, reserving to plaintiff whatever rights (if any) he might have against Reserve Insurance Company. The last named defendant shall pay all costs of this suit.

FOURNET, J., absent.

## On Application for Rehearing of Plaintiff-Appellee.

PER CURIAM.

In his application for rehearing, plaintiff-appellee contends inter alia that the effect of our original decree herein is to reduce the award of attorney's fees assessed against Reserve to one-half of the amount awarded by the trial court, even though at least as regards attorneys' fees plaintiff-appellee had protected his rights by filing an answer to the appeal which had requested an increase of $650 in the attorney's fees awarded.

Since plaintiff-appellee has filed an answer to the appeal permitting such increase in the attorney's fees as assessed against Reserve individually, in specifically approving the trial court's total award it was our intention to hold Reserve liable for this total amount awarded.

For the foregoing reasons, our original decree is clarified and amended so as to provide additionally that the defendant-appellant Reserve Insurance Company is held liable for the attorney's fees awarded in the amount of $850, together with legal interest thereon from date of judicial demand.

The application for rehearing by plaintiff-appellee is refused.

## On Rehearing.

HAMLIN, Justice.

Rehearing in this matter was limited to a consideration of the third party defendant procedure.

The facts of record show that on September 22, 1956, plaintiff, Kenneth C. Cameron, filed suit against defendant Reserve Insurance Company [1] for damages alleged to have resulted from the demolition of his 1956 Thunderbird Ford Automobile.

On October 19, 1956, Reserve Insurance Company filed a third party demand under LSA–R.S. 13:3381 [2] against Wilbur J. Fabre, praying that if the court decreed plaintiff entitled to judgment against Reserve Insurance Company then in that event Reserve Insurance Company have judgment against Wilbur J. Fabre, driver of the car, supra, at the time of the accident. On December 5, 1956, Wilbur J. Fabre filed an exception to the jurisdiction. There is a notation on the foot of the exception that it was filed on December 5, 1956. There is also a notation to the effect that the exception was refiled in open court on December 6, 1956. Both notations are signed by the deputy clerk of court. Answer was filed on December 5, 1956 by Wilbur J. Fabre and refiled in open court on December 6, 1956. There are no minutes of court for December 5, 1956, but the minutes of December 6, 1956 read as follows:

"Court met this day pursuant to adjournment, present * * *

"Exception to the jurisdiction filed and with full reservation thereto answer filed on behalf of Wilbur J. Fabre, third party defendant."

The minutes of court of December 21, 1956 read:

"Case previously fixed for trial for today. Plea to the jurisdiction filed on behalf of third party defendant, Wilbur Fabre taken up, tried, submitted and referred to the merits. * * *"

The note of evidence states:

"(Exception to the Jurisdiction argued by Mr. Simon)

"The Court: If it is agreeable, I will refer the exception to the merits.

"Mr. Simon: It is agreeable to the exceptor.

"Mr. Labbe: I will not object to it, but I don't waive any legal rights by doing so.

"The Court: I am going to refer it to the merits."

---

1. Reserve Insurance Company is the only defendant referred to herein. This rehearing does not concern the defendant Calvert Fire Insurance Company.
2. "In any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for all or part of the principal demand."

The reasons for judgment of the trial judge state:

\*    \*    \*    \*    \*    \*

"Wilbur J. Fabre has excepted to the third party complaint filed against him by Reserve Insurance Company, contending that this Court is without jurisdiction over his person to adjudicate the matter contained in the third party complaint. This exception was referred to the merits by the Court, with full reservation to said Wilbur J. Fabre of all his rights therein. ·He has denied in his answer any·act of negligence whatever and has prayed that the third party complaint of Reserve Insurance Company be dismissed at its costs.

"The exception of Wilbur J. Fabre is predicated on the provisions of Article 162 of the Code of Practice of Louisiana which in substance provides that in civil matters one must be sued before his own judge, that is, before the Judge having jurisdiction over the place where he has his domicile or residence. ,

"The allegations of the third party complaint state that Wilbur J. Fabre is a resident of St. Mary Parish, Louisiana.

"Fabre had a right to have his exception passed upon in limine, and the Court was in error in referring it to the merits, and now sustains the plea to the jurisdiction and dismisses this action insofar as Fabre's personal ·liability is concerned.

" \*    \*    \*    \*    \*    \* "

The trial court's judgement decreed:

" \*   \*   \* the Exception to the jurisdiction of the Court filed by Wilbur J. Fabre against the Third Party petition of Reserve Insurance Company be and is hereby sustained and the suit against him is dismissed as of non-suit.

" \*    \*    \*    \*    \*    \* "

On appeal to this Court, Reserve Insurance Company contended that since the third party defendant filed his answer on the same day he filed his plea to the jurisdiction, he lost all rights he might have under his original plea. It was argued that:

" \*   \*   \* Mr. Fabre had waived his rights to the plea by filing a simultaneous answer and submitting his exception for decision along with the merits of the case. This principle of law is obviously correct and just, otherwise, a defendant, in the situation of Fabre, could have two· shots at the merits of a case. He could go on trial and if all of the evidence were satisfactory and favorable, he could dismiss his plea to the jurisdiction."

In our original opinion we answered the above contention by stating:

" * * * we think that his [Fabre's] exception to the jurisdiction to the court rationae personae (which he timely urged) was correctly sustained. The third party practice act ([LSA-R.S.] LRS 13:3381 et seq.) provides no exception to the general rule that a defendant is entitled to be sued in the court of his domicile."

Reserve Insurance Company strenuously urged, in its application for a rehearing, that this Court was in error in the above ruling, and a rehearing was granted to consider the correctness of our holding.

■ As stated supra, there are no minutes of court dated December 5, 1956. We are, therefore, governed by the minutes of court of December 6, 1956, which are prima facie proof of and interpret the court's proceedings. Dilzell Engineering & Construction Co. v. Lehmann, 120 La. 273, 45 So. 138; State ex rel. Attorney General v. Lazarus, 39 La.Ann. 142, 1 So. 361; State v. Roshto, 169 La. 251, 125 So. 67. These minutes specifically state that the exception to the jurisdiction was filed with full reservation, and they also recite that an answer was filed on the same day.

■ "An exception to the jurisdiction of the court is a declinatory exception and

is one of the two principal species of exceptions designated as dilatory exceptions. Code of Practice, Article 331; Mann v. Mann, 170 La. 958, 129 So. 543." State v. Younger, 206 La. 1037, 20 So.2d 305, 306. The plea to the jurisdiction ratione personae is declinatory and may be pleaded in answer previous to answering to the merits. Mann v. Mann, supra; Code of Practice, Articles 334–336.[3] Act 124 of 1936, Sec. 1 (amending Article 333 of the Code of Practice), provides that all dilatory exceptions must be filed in limine litis. A defendant may, therefore, file several dilatory exceptions at the same time, but in order for an exception to the jurisdiction ratione personae to be effective such exception must be filed in the alternative with full reservation of rights.

"The plaintiff-appellant's position that the defendant by his mode of pleading waived his exception to the jurisdiction ratione personae, is well taken; the exact point was decided in the case of George W. Garig Transfer Co., Inc. v. Harris, 226 La. 117, 75 So. 2d 28, 34, in which this Court distinguished State v. Younger, 206 La. 1037, 20 So.2d 305, relied on by the defendant here, and in a Per Curiam pointed out that 'In the Younger case, unlike

---

3. "Declinatory exceptions may be pleaded in the defendant's answer, previous to his answering to the merits; but, except as relates to the declinatory exceptions, the defendant must plead in his answer all dilatory or peremptory exceptions on which he intends to rely, or which he is bound to plead expressly and specially, pursuant to the provisions of this Code." Art. 336.

the case at bar, the exceptions were filed "only in the alternative, with full reservation of and without waiving his exception to the jurisdiction of the court, and solely for the purpose of complying with the requirements of Act No. 124 of 1936; " · whereas here, the exceptions to the jurisdiction ratione personae and ratione materiae were submitted together, without reservation, * * *' See State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708; Martel Syndicate v. Block, 154 La. 869, 98 So. 400." Mitchell v. Gulf States Finance Corporation, 226 La. 1008, 78 So.2d 3, 4. See, also, Standard Indemnity, Inc. v. Albrought, La.App., 81 So.2d 448; Dupre v. Consolidated Underwriters, La.App., 99 So.2d 522.

Relying on the minutes of the trial court, we conclude that the third party defendant's filing of an exception to the jurisdiction of the court ratione personae with full reservation of his rights and the filing of his answer at the same time did not constitute a waiver of the jurisdiction of the court.

The last question for our determination is whether the referral of the exception to the jurisdiction of the court ratione personae to the merits of the case constituted a waiver of the plea. An examination of the record in this case discloses that its facts and circumstances are exceptional, which distinguishes it from the cases relied upon by defendant. The defendant Reserve Insurance Company called as a third party defendant, Wilbur J. Fabre. The trial and referral to the merits of the exception to the jurisdiction of the court ratione personae were before evidence was adduced and were separate from the trial on the merits. The note of evidence, supra, reveals that the trial judge informed counsel that if agreeable to them he would refer the exception to the merits; that counsel for the third party defendant informed the court that it was agreeable to the exceptor; that counsel for the defendant Reserve Insurance Company stated, "I will not object to it, but I don't waive any legal rights by doing so." It appears that both parties acquiesced in this procedure. Counsel for defendant should not complain now about an action of the trial judge and the third party defendant to which he did not object. The third party defendant had reserved his rights; when the trial judge made the statement, supra, regarding the referral of the exception to the merits, it was then that counsel should have spoken and demanded a ruling upon the exception, if either of them felt that he was aggrieved by its referral to the merits. Neither did so.

After trial in the district court, the learned trial judge was aware of the fact that the exception to the jurisdiction of the court ratione personae should have been

passed upon by him before trial on the merits. He corrected the mistake, which he realized had been made, by frankly stating, "Fabre had a right to have his exception passed upon in limine, and the Court was in error in referring it to the merits, * * *" Since the third party defendant had no intention to waive his plea to the jurisdiction of the court ratione personae, it would be unjust to penalize him for a corrected error of the trial judge and an action in which the defendant participated and did not object to.

For the reasons assigned, our original decree is reinstated and now made the judgment of this Court.

McCALEB, J., concurs in the decree.

III So.2d 344