423 So.2d 1218 (1982)
SALES TAX COLLECTOR, St. Charles Parish, Louisiana
v.
ECKCO FABRICATORS, INC.
No. 5-226.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Rehearing Denied January 17, 1983.
*1219 Leon C. Vial, III, Hahnville, for Sales Tax Collector, St. Charles Parish, plaintiff-appellee.
Edwin O. Schlesinger, Steeg & O'Connor, New Orleans, for Eckco Fabricators, Inc., defendant-appellant.
Before BOUTALL, BOWES and CURRAULT, JJ.
BOUTALL, Judge.
This is a suspensive appeal by Eckco Fabricators, Inc., defendant-appellant, from an interlocutory judgment on trial of the exceptions of venue and vagueness. From a denial of the exception of improper venue, Eckco appeals. We reverse and remand on the issue of venue, and amend the judgment as to the exception of vagueness.
The instant appeal arises from a suit by St. Charles Parish to collect sales taxes allegedly due from Eckco for an eight year period beginning in 1973. Prior to answering the suit, defendant Eckco simultaneously filed a declinatory exception of improper venue and a dilatory exception of vagueness. The trial judge of the 29th Judicial District Court ruled that the filing of the dilatory exception along with the exception to venue constituted a general appearance, thereby waiving the exception to venue, according to C.C.P. Arts. 44 and 925. In the alternative, the trial court found that Eckco was doing business in St. Charles Parish, and was thus amenable to suit there. Eckco has appealed and appellee has filed a motion to dismiss the appeal on the grounds that this interlocutory judgment is not appealable.

APPEALABILITY OF INTERLOCUTORY JUDGMENT
Under Article 2083 of the Louisiana Code of Civil Procedure, only interlocutory judgments which will cause "irreparable injury" to the litigant may be appealed.
A recent case by the Louisiana Supreme Court clearly indicates to us that the overruling of an exception to venue is a judgment which may be appealed under the rationale of irreparable injury. In Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, n. 1 (La. 1981) the Court stated:
"To reason that there is no irreparable injury is to decide that relator has no right to appeal under C.C.P. Art. 2083. (In that context irreparable injury occurs if any error in the ruling cannot as a *1220 practical matter be corrected on appeal. For example, once the trial court overruled an exception to the venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal.)"
Since the facts in this case are identical to those envisioned in the Herlitz footnote, and as a practical matter nothing can be done on an appeal of the trial of the merits to correct this procedural error, this Court, under the Herlitz rationale, should consider this appeal. See also Erdey v. The American Honda Company, 404 So.2d 1351 (La. App. 1st Cir.1981) (wherein our brethren of the First Circuit have reached the same conclusion.)
Therefore for the reasons discussed above we deny the motion to dismiss of appellee St. Charles Parish, and we will address the merits of appellant's venue claim.
Two issues regarding venue must be dealt with. The first is the trial court's ruling that appellant had waived its declinatory exception of venue by filing with it a dilatory exception of vagueness. The controlling articles of the Code of Civil Procedure on this issue are Arts. 925 and 928, which state as follows:
"Art. 925. Objections raised by declinatory exception; waived
The objections which may be raised through the declinatory exception include, but are not limited to, the following:
(1) Insufficiency of citation;
(2) Insufficiency of service of process;
(3) Pendency of another action between the same parties, in the same capacities, on the same cause of action, and having the same object;
(4) Improper venue;
(5) The court's lack of jurisdiction over the person of defendant; and
(6) The court's lack of jurisdiction over the subject matter of the action.
When two or more of these objections are pleaded in the declinatory exception, they need not be pleaded in the alternative or in any particular order.
When a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein." (Emphasis supplied)
"Art. 928. Time of pleading exceptions
The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order." (Emphasis supplied)
Plainly these two articles require simultaneous filing of the declinatory and dilatory exceptions. A careful reading of C.C.P. Art. 925 reveals that when a defendant makes an appearance he must raise his declinatory exceptions at that time or he will be considered to have waived them. In the case at bar the defendant raised the declinatory exception both when it made its appearance, in accordance with C.C.P. Art. 925 and in the proper manner under C.C.P. Art. 928. Therefore appellant cannot have waived its exception to venue by expressly complying with these articles.
Our brethren in the Fourth Circuit have opted for a literal reading of these articles, as do we. See Landry v. Landry, 252 So.2d 549 (La.App. 4th Cir.1971). In our view this is the soundest interpretation. Any other construction fosters a caselaw-created pitfall which is unapparent from the face of the articles. Contra Acme Refrigeration v. Caljoan, 346 So.2d 743 (La.App. 1st Cir. 1977).
We also note that the case of Martel v. Block, 154 La. 869, 98 So. 400 (La.1923), cited by the trial court for the proposition that the filing of an exception of vagueness represents a general appearance, was decided many years before the promulgation of the Code of Civil Procedure. And as appellant has aptly pointed out, current Article 928 had no counterpart in the old Code of *1221 Practice. The Martel case was not decided under our current law and thus we are not bound to consider it to be controlling on the issue before us. Therefore we hold that a simultaneous filing of declinatory and dilatory exceptions does not result in the waiver of the declinatory exception.
We now reach the crux of this appeal, namely we must determine whether St. Charles Parish is the proper venue for this action against Eckco Fabricators, Inc.
The trial judge, in overruling defendant's exception to venue, stated, "... Defendant admits doing business through offices located in Orleans, Jefferson, and St. Charles Parish." Our review of the testimony of Elroy Eckhardt, President of Eckco Fabricators, reveals that Mr. Eckhardt testified that Eckco maintains registered offices in Orleans and Jefferson Parishes, and has a plant in St. Tammany Parish. He specifically denied that Eckco had ever had an office in St. Charles Parish, though it does have several large industrial customers located there. Eckhardt testified that all Eckco products were sold F.O.B. their plant in St. Tammany, or contracted out to independent trucking concerns for delivery. Thus while Eckco has no business office in St. Charles Parish, it does have customers there who buy and use Eckco products there.
We do not propose to make any comments concerning the merits of the case or the applicability of the tax. We are only concerned with venue of the suit. For the purposes of determining venue, it is not the existence of customers and use of the product which controls, but rather the parish or parishes where the registered offices, or business offices or establishments of the corporation are located. Article 42 of the Louisiana Code of Civil Procedure states in pertinent part:
"The general rules of venue are that an action against:
(2) A domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located ..."
Furthermore La.C.C.P. Art. 77 provides for the situation where there are business offices in more than one parish:
"An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located."
At trial there was uncontradicted testimony by Eckco's president that the company has no office, registered or otherwise, and no business establishment in St. Charles Parish. Therefore in light of the foregoing Code of Civil Procedure articles, St. Charles Parish is not a venue where this action may be brought. We reverse and remand to the trial court for transfer to a proper venue. C.C.P. Art. 121.
One final matter on appeal requires disposition. Regarding the dilatory exception of vagueness, the trial court ordered Paragraph 5 of plaintiff's petition to be amended. This is obviously a typographical error, since both parties stipulated that Paragraph 3 required amendment to better describe the cause of action.
Therefore, the judgment overruling defendant's exception to venue is reversed; the exception of venue is maintained, and this matter is remanded to the trial court for the purpose of permitting the plaintiff to transfer this action to a court of proper venue within 30 days from the effective date of this judgment, under penalty of dismissal of suit. Additionally, the judgment of the trial court regarding the dilatory exception of vagueness is amended to require amendment of Paragraph 3 of plaintiff's petition, in accordance with the agreement of counsel.