REDMANN, Judge.
Plaintiff appeals from the dismissal on exceptions of her action for child support.
The exception grounded on improper venue was properly maintained.
Defendant resides in St. Charles Parish. The general rule of C.C.P. art. 42(1) requires suit against an individual to be brought at his domicile. This independent action (not part of a separation or divorce or custody case) was brought in Orleans Parish. None of the statutory exceptions to C.C.P. art. 42 is claimed to be applicable.
Plaintiff’s theory relies on Lucas v. Lucas, 195 So.2d 771 (La.App.1966), cert. denied, 250 La. 539, 197 So.2d 81, for a view that pleading other matters than objection to the court’s subject-matter jurisdiction constitutes a general appearance and waives that objection to jurisdiction. Regardless of the ultimate import of Lucas (see Tate, Work of Louisiana Appellate Courts, Procedure, 1968, 28 La.L.Rev. 386), we are here concerned not with jurisdiction (not even over the person) but with venue. Nor do we have here a peremptory exception co-pleaded, as plaintiff argues.
*550 The objection to venue is a declina-tory exception which “shall be filed at the same time” as the dilatory (if both are to be filed), C.C.P. art. 928. Expressly complying with art. 928, defendant also filed the dilatory exception, C.C.P. art. 926, alleging unauthorized use of summary proceeding. The only other ground stated, lack of subject-matter jurisdiction (based on the St. Charles court having continuing jurisdiction since its earlier support decree), was an objection required to be pleaded in the declinatory exception or else waived, C.C.P. art. 925.
Plaintiff argues that the last objection is in substance a peremptory exception of no right or cause of action, and argues (rightly or wrongly) from Lucas, supra, that filing a peremptory exception waives the declinatory exception of venue. Plaintiff’s characterization of the last objection is erroneous; its whole thrust is that the St. Charles court retains (exclusive?) jurisdiction and that the cause of action should be there asserted.
We rule only on the exception on ground of improper venue, which was correctly maintained.
The judgment is affirmed.